[No. 2007]

WILLIAM S. PROSKEY, APPELLANT, v. COLONIAL
HOTEL COMPANY, A CORPORATION, RESPONDENT.

1. CONTRACTS—ACTION FOR BREACH—SUFFICIENCY OF CAUSE STATED
   —HOTELS.
   A complaint alleging that respondent had entered into a
   contract with appellant to lease him a certain apartment in
   respondent's hotel, appellant to have the sole and exclusive
   control, use and occupancy of said apartment for the safe keep-
   ing of his personal effects and papers, during a contemplated
   absence of several months, at an agreed rental per month
   until his return, which rental was paid as agreed; that the
   sole inducement· and consideration for making such ·contract
   was the safe keeping and security of appellant's personal
   effects and papers; that during the absence of appellant and
   without his knowledge or consent, respondent rented said
   apartment to divers and sundry persons, thus permitting them
   to have access to appellant's said papers and effects, if such
   persons so desired—fails to state a cause of action for total
   failure of consideration, it not appearing from the complaint
   that the personal effects of appellant were not safely kept,
   or that any person did view, observe, or in any way molest his
   effects or papers or gained any knowledge therefrom. and that
   part of the amount sued for was for time when appellant was
   in actual personal occupancy of the leased apartment.

2. LANDLORD AND TENANT—LEASE FROM MONTH TO MONTH.
   A lease for an indefinite term, with monthly rental reserved,
   creates a tenancy from month to month, unless certain special
   circumstances alter the rule.

APPEAL from the Second Judicial District Court,
Washoe County; *John S. Orr*, Judge.

Action by William S. Proskey against the Colonial
Hotel Company, a corporation, to recover damages for
rental paid, upon the ground of a total failure of con-
sideration. Demurrer to complaint sustained as not
stating a cause of action. From a judgment for
defendant for costs, plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Dodge & Barry,* for Appellant:

Where the failure of the consideration is total—which
implies, of course, that nothing of value has been received
under the contract by the party seeking to rescind—it is

not necessary that a formal rescission be made before bringing suit. In such cases a suit may always be maintained for the recovery of the consideration paid. (*Santa Clara Fuel Co.* v. *Tuck*, 53 Cal. 304; *Rose* v. *Ford*, 96 Cal. 154; *Hayes* v. *Los Angeles Co.*, 99 Cal. 79; Chitty on Pleading, 362, note z; *Russ Co.* v. *Muscupiabe Co.*, 120 Cal. 527.)

If the failure is such as in effect and reality to take away all the value of the consideration, it will be regarded as having wholly failed. (9 Cyc. 371; *Clark* v. *Continental Imp. Co.*, 57 Ind. 135; *Carlisle* v. *Terre Haute R. Co.*, 6 Ind. 316; *Corliss* v. *Putnam*, 37 Vt. 119.)

*Parker & Frame*, for Respondent.

By the Court, McCARRAN, J.:

In this action the appellant, W. S. Proskey, appeals from the judgment of the Second judicial district court sustaining the demurrer to the complaint of the appellant, filed in said court against the Colonial Hotel Company, a corporation. The principal part of his complaint is as follows:

"(3) That in the month of April, 1910, plaintiff was occupying an apartment in said hotel or apartment house of the said defendant, and at said time plaintiff desired to leave the State of Nevada, to be absent for some months; that plaintiff at that time had numerous personal effects and valuable papers in his possession and in the apartment which he was then occupying in said hotel or apartment house of defendant; that, for the purpose of procuring a secure and safe place for said personal effects and said valuable papers, the plaintiff at said time made an agreement with said Colonial Hotel Company by, through, and with its duly authorized agent and manager, George T. Crosby, by the terms of which said agreement it was agreed between plaintiff and defendant that the plaintiff should have the sole and exclusive occupancy of said apartment for the safe keeping of his said personal effects and said papers until the return of plaintiff to the State of Nevada in the month of November or

December, 1910; that, in consideration. of the plaintiff so having the exclusive use, occupancy, and control of said apartment for and during the time and for the purpose aforesaid, the plaintiff paid to said defendant the sum of $40 per month for the months of May, commencing May 6, June, July, August, and September, 1910, and at the rate of $70 per month for the months of October and November down to the 6th day of December, 1910, the same being the price fixed ·upon and agreed to by said defendant and plaintiff; that said price so fixed and paid was the regular price charged by defendant for said rooms during said months if actually occupied; that defendant had offered to keep said personal effects and papers of plaintiff in the basement of said hotel, free of charge, but plaintiff desired to have his said personal effects and papers kept secure and safe from inspection beyond any question, and was willing to pay the price hereinabove set forth for the purpose of securing such security and safety for his said personal effects and papers, and that such security and safety of his said personal effects and papers was the sole inducement and consideration for making said agreement and paying said price, and that plaintiff never would have made said agreement or paid said price, except for the belief that he would secure such security and safety for his said personal effects and papers.

" (4) That plaintiff was absent from the city of Reno and said hotel or apartment house from the month of April, 1910, until the first part of November, 1910; that, during the said absence of plaintiff, plaintiff did not have the sole and exclusive occupancy of said apartment in said hotel or apartment house, but that during the absence of the plaintiff the said defendant, without the knowledge or consent of plaintiff, rented said apartment to divers and sundry persons and permitted such persons to use and occupy the same, and thus have access to plaintiff's said papers and effects if such persons so desired; that by reason of the defendant leasing said apartment during the absence of plaintiff and permitting said divers and sundry persons to occupy the same, as

aforesaid, plaintiff did not have the exclusive control, use, or occupancy of said apartment, and was thus deprived of the safety and security of his said personal effects and papers, which he desired, contracted, and paid for, and by reason thereof the consideration for the said agreement between plaintiff and defendant as to plaintiff entirely failed, and the object and purpose for which said agreement was made by the plaintiff was thus destroyed and rendered of no effect, and plaintiff was thus deprived of any consideration whatever for the money so paid to defendant, as aforesaid."

To this complaint a demurrer was interposed principally on the grounds that the complaint did not state facts sufficient to constitute a cause of action; and the demurrer more specifically is as follows:

"That said amended complaint does not state facts sufficient to constitute a total failure of the consideration, and that the facts therein stated, if true, would only constitute a breach of the covenant of quiet enjoyment, and consequently in that regard only a breach of the rental contract, and not a total failure thereof. That the same does not state facts sufficient to constitute a substantial breach of the contract of rental, but on the contrary thereof shows that the same was substantially performed and that the alleged breach of the contract attempted to be pleaded, as set forth in the amended complaint, would only constitute a technical and unsubstantial violation thereof. That the amended complaint does not state facts sufficient to show and does not allege that any damage in fact resulted to the plaintiff by reason of the alleged violation by the defendant of the rental contract, whereby the plaintiff would not have the exclusive possession of the apartments for all of the time mentioned in the said amended complaint, and that at most said allegation would only amount to a trespass upon the defendant's right of possession, for which his only remedy would be for damages, if any had been sustained."

From the allegations of the complaint it will be observed that no claim is made by the plaintiff that his personal effects and papers were not restored to him in

their original condition and position, nor is it directly averred that any person did in fact view or observe, or in anywise disturb or molest, his papers or effects, nor is it alleged that any person or persons gained any knowledge or information from the personal effects or papers.

As set forth in the complaint there was a rental agreement of $40 a month for certain months and a rental agreement of $70 per month for certain other months, to wit, October, November, December, etc. As appears from the face of the complaint the plaintiff returned during the first part of November and occupied the apartment, paying rental therefor as before agreed until the first part of December, and it must be inferred from the allegations of the complaint that the plaintiff did not have knowledge that any person had been permitted to enter the apartment during his absence or, having knowledge, made no complaint. In any event, the rental agreement of $40 a month for certain months and $70 a month for certain other months was duly paid by the plaintiff, and he seeks to recover by his complaint the return of the total amount paid, amounting in all to $340.

1. To constitute a tenancy from month to month a special agreement to that effect may be made, or the tenancy may be implied from the manner in which the rental is paid. A lease for an indefinite term, with monthly rental reserved, creates a tenancy from month to month.

2. However general this principle of law may be, it is unquestionably true that a lease for a definite term less than a year, the limits of which are specifically stated in the agreement, would not come under this rule, even though the rental was paid monthly    It is immaterial in this case as to whether the agreement alleged in the complaint created a tenancy from month to month, as contended by counsel for respondent, or created a tenancy for a definite period or term of months, with

monthly rental reserved, as contended by the appellant. The appellant bases his right to recover upon the theory of a total failure of consideration, and he cites authorities supporting his contention. A careful reading of the authorities cited by appellant, however, discloses that in those cases there was an entire or total absence of consideration. The most that can be said in the case under consideration is that there was but a partial breach of an alleged contract. Appellant's personal effects and belongings were safely kept in the apartment during all of the time of his absence as well as after his return. The complaint fails to state either inferentially or otherwise that the papers or personal effects were actually molested, viewed, or observed by any person, or that any information contained in the papers or personal effects was ever gained or obtained by any one. It is manifest that the consideration did not fail in this case between the time the plaintiff is alleged to have returned, to wit, the first part of November, and the 6th day of December, the date on which it is alleged that he discontinued his tenancy and between which dates he was personally present and occupying the apartment. According to the complaint the alleged special or extraordinary agreement was only to continue during the absence of the appellant, but in his complaint appellant prays for judgment, not only for the return of the rent paid for the time during which he was absent, but also for the return of the rent paid for the time after his return. The amount of rental covering the time of his absence was less than $300, and if he had sued for that alone he could not have brought his action in the district court. Whether a prayer for the recovery of an additional month's rent not within the alleged special contract ought to be considered as stating a cause of action within the jurisdiction of the district court, so far as the amount in controversy is concerned, is a doubtful proposition. Conceding, however, for the purposes of this case, that it may be done, even then we are confronted with an additional allegation which clearly

shows that there was not a total failure of consideration, there being no averment of interferences with appellant's possessions after his return.

Appellant is not entitled to recover the rent paid under the allegations of the complaint, because the facts alleged do not show an entire failure of consideration, but at most only a partial breach of the contract, for which no actual damage is alleged.

As was well said in the case of *Bishop* v. *Stewart*, 13 Nev. 41, no principle is better settled than that a party cannot rescind a contract and at the same time retain possession of the consideration in whole or in part which he has received under it; he must rescind in toto or not at all. It has been held in a degree almost to a uniformity that courts will refuse to decree a right of rescission in favor of a party to a contract, because such contract was only partially executed or because of only a partial failure of consideration. In order for a litigant to prevail under such a state of affairs the parties to the agreement or contract must be replaced in their previous condition.

Even should this special agreement be construed as constituting a tenancy for a definite period, the alleged fact that divers and sundry persons were permitted to have access to appellant's leased apartment would not constitute a total absence of consideration, in view of the fact that during all of that time appellant's personal effects were being safely kept, and in view of the further fact that appellant had personal occupancy of the apartment during a portion of the time for which he seeks to recover the rental paid.

In the allegations of the complaint there is no hint of actual damages, much less a positive averment of such.

The respondent in this action moved to dismiss the appeal upon the ground that appellant failed to cause the sureties on the appeal bond to justify when an exception was filed to the sufficiency thereof, but, as the case must be decided in favor of the respondent, it is not necessary for us to go into that matter at this time.

It follows that the order of the lower court sustaining the demurrer to the complaint should be affirmed.

It is so ordered.

NORCROSS, J.: I concur.

TALBOT, C. J., concurring:

I concur in the order for judgment as written by Justice McCARRAN.

Although it has been held that where a lease is taken on property for an indefinite period, with the rent payable monthly, it will be construed as a lease from month to month, I think, under the facts alleged in the complaint, the agreement for the rental of the room for the keeping of plaintiff's papers and things, without other persons to have access to the room, for some months until plaintiff returned, with a lease for the time he was absent and one which the parties had a right to make, and consequently it was legal and binding, and as much so as if the lease had been made for four or five months, or for a definitely specified period of five months, with the rent payable monthly. (*Harty* v. *Harris*, 120 N. C. 408, 27 S. E. 90.)

If the hotel company had attempted to cancel the lease one or two months after the plaintiff had gone and before he returned, and had put his things out, it ought to be liable for any damages resulting. A lease for some months until the tenant returns implies that it is to run until he returns at some time not less than a few months and less than a year. No good reason appears why persons going on an extended trip should not be allowed to rent apartments for the storage and keeping of their property during their absence, and, if the landlord agrees that the lease shall run for some months until the tenant returns, the law ought to require the landlord to keep his agreement during that time.

If, as alleged, the plaintiff leased the room and paid the rent, and the defendant breached the lease by allowing persons to occupy the room during plaintiff's absence, it becomes necessary to consider what damages,

if any, the plaintiff sustained, for he cannot recover without alleging and showing the injury suffered or the amount he has been damaged. For counsel to argue that the allowing of other persons to occupy the room and have access to plaintiff's papers contrary to the agreement might have injured plaintiff many thousands of dollars if the occupants of the room, by obtaining information from the papers, prevented the consummation of important mining or other deals by the plaintiff, is not sufficient to show that there was any actual damage to the plaintiff in this regard for which he can recover from the defendant. Aside from the money paid for rent, there is no indication that the plaintiff sustained any damage. If, because the agreement was breached by the defendant, the plaintiff, as claimed, is entitled to recover all the rent he paid for the exclusive use of the room for the safe and undisturbed keeping of his things during his absence, regardless of whether defendant could offset a reasonable sum for the keeping of the property during plaintiff's absence, the amount, as shown by the allegations, is only $270, and consequently the complaint fails to state a cause of action within the original jurisdiction of the district court, and under the facts alleged the case is one which could only be brought in the justice's court, and of which the district court would have jurisdiction only on appeal. (Const., art. 6, sec. 6; Rev. Laws, 321, 4840; *Moore* v. *Orr*, 30 Nev. 461.)

The complaint does not allege the particular month or months that the contract was breached; and whether it be treated as a lease from month to month with one or more months breached, or be treated as a lease for the period the plaintiff was absent, with monthly payments, and as being breached for the entire time he was away, the jurisdiction would fall in the justice's court whether plaintiff is entitled to recover for the breach the rent he paid, or only the rent less a reasonable amount for the keeping of his papers and property when other persons were allowed access to his room.

The allegation that plaintiff occupied the room for a month after he returned, and paid $70 for that month,

being beyond the agreement for the keeping of his things during his absence which is alleged to have been breached, does not indicate any cause of action; it fails as much to show any liability as would an allegation that the plaintiff had bought a horse from defendant and paid him $100 for it, or had borrowed some amount or given a note and had repaid it.