CLEVELAND SCHULTZ, APPELLANT, *v.* BERNARD V. PROVENZANO, RESPONDENT.

No. 3700

December 8, 1952.                    251 P.2d 294.

*Cleveland Schultz, Jr.,* of Las Vegas, for Appellant.

*David Zenoff,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Provenzano sued Schultz for the last three months' unpaid rental at $250 a month on a three-year written lease. From a judgment in plaintiff's favor and from the order denying defendant's motion for new trial, the defendant has appealed. No record of the evidence adduced at the trial is before us.

Annexed as an exhibit to plaintiff's complaint was a copy of the lease in question from which it appeared that the leased property comprised three rooms to be used as law offices, and that the lessor agreed that the

premises should be placed in tenantable and good condition, and would "supply without cost to the lessees water, heat, cooling and electric current for lighting purposes," and would make all necessary repairs to the plumbing, gas, water, steam or other pipes in or about the premises. The defendant's answer admitted the execution of the lease, but alleged that plaintiff agreed to look to defendant and one George Rudiak for the payment by each of one half of the rent. He admitted that he had remained in possession until the beginning of the last three-month period and admitted the nonpayment of the rent. Other allegations of the complaint were denied.

As a second defense, defendant alleged that he believed all rentals had been paid to plaintiff; as a third defense, that plaintiff had agreed that defendant could surrender the premises at any time without liability for further rental; as a fourth defense, that heat was not furnished when required and that cooling was not furnished when required; as a fifth defense, that the lessor neglected to furnish water or adequate current for lighting; as a sixth defense, that the lessor had removed defendant's name from the office building directory and that lessor had wrongfully installed unsightly water mains in one of the rooms, which prevented the lessee from maintaining his furniture in such portion and thereby made the premises unsuitable for law offices. The reply put all these matters in issue.

The court made general findings in favor of the plaintiff, but instead of finding specifically on the special defenses, found as follows:

"That defendant, by continuing into possession of the premises after alleged breaches of agreement on the part of plaintiff, waived said breaches, that in the event acts of constructive eviction existed on the part of plaintiff, defendant, by his subsequent conduct, waived the said acts."

As a conclusion of law the court found:

"That the defendant waived, by his conduct and other

circumstances, any breaches of conditions of the written lease agreement on the part of plaintiff to be performed."

Appellant specifies as error the failure of the court to make findings on the affirmative defenses, and cites numerous authorities supporting the general rule that it is the duty of the court to make findings on all of the material issues raised by the pleadings. It is unnecessary to discuss this proposition, for the reason that the finding of waiver rendered immaterial the findings on the express issues raised by the special defenses. It is well recognized that it is unnecessary to make findings on immaterial issues. 24 Cal.Jur., sec. 187, 942. This has been expressed by many courts in many ways. "* * * [W]hen there are sufficient findings on issues made in the case to support a judgment, it is immaterial that there is no finding, or an erroneous finding, on some other issue which, if made, or differently made, would not compel any different conclusion from that reached by the findings which were actually made." Wolfsen v. Smyer, 178 Cal. 775, 175 P. 10, 13. The findings actually made required a judgment in plaintiff's favor and it is evident that this could not have been changed by a disposition, either way, of the issues raised by the special defenses. Such further findings were therefore immaterial. Hertel v. Emireck, 178 Cal. 534, 174 P. 30. Especially must this be so where the evidence has not been brought before this court. Id.; Gray v. Wells, 118 Cal. 11, 50 P. 23. Innumerable cases are to the same effect and need not be cited.

But appellant contends that the finding of waiver cannot thus lightly make the other findings immaterial, for the reason that the plaintiff's reply did not specifically plead waiver, and that to be available as a defense, waiver must be specifically pleaded. There are many variations to this rule and many exceptions to it and the decisions are not harmonious. The decisions vary with

the facts as to whether the estoppel or waiver be an estoppel in pais, a waiver, an estoppel by deed, an estoppel raised by prior adjudication, etc. We need not pursue these distinctions. For an interesting discussion see annotation at 120 A.L.R. 8. The entire theory of defendant's defense as alleged in his answer to the complaint and as indicated by his briefs in this court was that the acts of the plaintiff landlord constituted a constructive eviction. The evidence, as we have noted, is not before us. But the pleadings and briefs indicate that these so-called acts of constructive eviction extended over a long period of time—possibly throughout the entire term of the lease. There was no eviction. Defendant elected to remain as a tenant of the premises and continued to pay the rent until he surrendered the rooms three months before the end of the three-year term. Under such a situation, whether considered as a waiver of the acts complained of or simply a finding that defendant's entire theory of a constructive eviction had failed, we cannot consider the failure to plead waiver as fatal.

For another reason we are not impressed with this assignment of error. Without the transcript before us we must assume that the issue of waiver was tried and evidence introduced by the plaintiff, without objection, showing the continuous occupancy of the premises far beyond a reasonable time within which defendant could have asserted his constructive eviction, and that waiver thus became an issue in the case. Andrew v. Miller, 216 Iowa 1378, 250 N.W. 711. Not knowing that any objection to proof of waiver was made or the court's attention called to the absence of a plea of waiver by proper objection to testimony, the pleading could well be deemed amended to allege waiver. St. Paul F. & M. Ins. Co. v. Mittendorf, 24 Okla. 651, 104 P. 354, 28 L.R.A. (N.S.) 651; Barnsdall Nat. Bank v. Dykes, 136 Okla. 226, 277 P. 219; Churchill v. Baumann, 95 Cal. 541, 30 P. 770.

After the trial, argument and submission of the case to the court, the district judge held the matter under advisement for over 11 months before making his decision. Appellant asserts that this "wholly unjust and unreasonable delay" constituted such irregularity and abuse of discretion that it was error for the court to deny appellant's motion for new trial. Upon this assignment appellant relies on sec. 8783, N.C.L.1931–1941 Supp., requiring the court trying a question of fact to make its decision within 30 days after submission, and upon sec. 8433, N.C.L.1929, requiring a district judge, before receiving any monthly salary, to file an affidavit reciting that no matter remains undecided which has been submitted for a period of more than 90 days. Appellant emphasizes the fact that the issues of fact and of law were simple and the amount involved inconsiderable, and that the record is devoid of any explanation of the long delay. The situation thus presented constitutes no ground for reversal. Ratliff v. Sadlier, 53 Nev. 292, 299 P. 674.

Defendant moved for a new trial on the grounds of (1) irregularity in the proceedings; (2) misconduct of the prevailing party; (3) excessive damages appearing to have been given under the influence of passion or prejudice; (4) insufficiency of the evidence to justify the decision and that same is against law; and (5) error in law occurring at the trial and excepted to by the defendant. The sole support of this motion, so far as disclosed by the record, was an affidavit by counsel for defendant purporting to show, by a recital of events both prior and subsequent to the submission of the case, that the trial judge must have forgotten much of what had transpired. The affidavit is apparently intended as a substitute for a transcript of the evidence. It also purports to recite an asserted error in ruling upon an offer of certain evidence. The assignment presents to this court no ground for reversal. Other matters presented

by appellant have been considered and found to be without merit.

The judgment and the order denying appellant's motion for new trial are affirmed with costs.

EATHER and MERRILL, JJ., concur.

## ON PETITION FOR REHEARING

January 30, 1953.

*Per curiam:*

**Rehearing denied.**