404 P.2d 624

Philip G. ELDREDGE and Mary E. Eldredge, husband and wife, Plaintiffs-Respondents,

v.

Joseph W. JENSEN and Rhea Bell Jensen, husband and wife, Defendants-Appellants.

No. 9572.

Supreme Court of Idaho.
July 23, 1965.

Millar & Callister, Boise, for appellants.

Dunlap, Rettig & Rosenberry, Caldwell, for respondents.

KNUDSON, Justice.

This action arose out of a lease of real property entered into between plaintiffs-respondents, Dr. Philip G. Eldredge and Mary E. Eldredge, husband and wife, as

lessors, and defendants-appellants, Joseph W. Jensen and Rhea Bell Jensen, husband and wife, as lessees. The lease specifies a term of five years from the first day of January, 1959, although it bears date of August 5, 1959, and describes a farm area of approximately 45 acres situate in Gem County, Idaho.

On January 2, 1964, plaintiffs filed their complaint alleging that defendants were indebted to plaintiffs in the amount of $1,279.-06 as rentals due and payable under the terms of the lease for the years 1960 and 1961.

In answer to said complaint defendants admitted that $1,279.06 was the agreed rental for the years 1960 and 1961 but denied that the sum was due and payable. As an affirmative defense and by way of cross-complaint defendants allege that they operated under the lease for the years 1959, 1960 and 1961; that thereafter without the consent and agreement of defendants, and without right, plaintiffs forceably terminated said lease and ousted defendants therefrom for the years 1962 and 1963 to defendants' damage in the sum of $5000.-00, which sum defendants claim as an offset to plaintiffs' claim. Said allegations were denied by plaintiffs.

Upon commencement of the trial before a jury it was stipulated that the sum of $1,279.06 was the correct amount due the plaintiffs for the remaining balance of the 1960 rent and all of the 1961 rental. It was further stipulated "that this amount as admitted by the Defendant, may be subject to any off-set, if they are found to be due to the Defendant, and against this Plaintiff on his cause of action," and "with the understanding that the Counterclaim of the Defendant and affirmative defense relates to the damages specifically due the Defendant on the remaining two years of this lease." It was also stipulated that the real property described in the lease was sold by plaintiffs to Earl C. Barnard and Bernard F. Gratton on January 27, 1962.

After the foregoing mentioned stipulations had been entered into and the original lease instrument admitted in evidence as plaintiffs' exhibit I, plaintiffs rested their case.

Defendants then introduced the testimony of Mr. Jensen, their only witness, and rested their case. At the close of defendants' case plaintiffs moved the court for an involuntary dismissal of defendants' claims, which motion was granted and judgment entered in favor of plaintiffs and against the defendants in the sum of $1,-279.06 and costs.

Defendants filed their objections to findings stated in paragraph 2 of the judgment together with their motion for a new trial. The court denied both the objections and motion. Defendants appealed from the order denying the objections and the order

denying motion for new trial and also from the judgment.

The grounds upon which the court granted the motion for involuntary dismissal are stated in the judgment to be as follows:

"1. That the defendant failed to show that the plaintiff terminated the lease or that the plaintiff ousted the defendant from possession of the leased property in question.

"2. That the plaintiff, by virtue of the written lease, was entitled to re-enter and take possession to the exclusion of the defendant on the defendant's failure to pay rent, according to the terms of the leasehold agreement.

"3. That the defendant's evidence relating to his damages sustained is too vague and uncertain to submit the issue of damages sustained by the defendant to the jury."

Since defendants' only alleged ground for damages or any relief is that plaintiffs, without right, terminated the lease and ousted defendants from the premises, a determination of the issue presented by defendants' challenge of the first of the foregoing quoted findings is of primary significance and we shall first consider this contention.

It is difficult to ascertain from the record or defendants'. brief just what their contention is as to how the lease was terminated. A statement which throws some

light upon their position is the following quoted paragraph in their brief, to-wit:

"4. No showing was made by plaintiff, who had the burden to do so, that defendants' lease rights were continued after sale. Rather there was the understanding that the sale by plaintiff terminated the lease."

■ It is generally held that in the absence of a stipulation to that effect in a lease, a voluntary transfer of the reversion by the landlord neither terminates the leasehold estate nor deprives the tenant of any of his rights under the lease. 32 Am.Jur., Landlord and Tenant, § 89, p. 99. See also 51 C.J.S. Landlord and Tenant § 93, p. 660. In Superior Portland Cement v. Pacific Coast Cement Co. (1949), 33 Wash.2d 169, 205 P.2d 597, the court said:

"A lessor cannot terminate a lease by a sale of his interests in the demised premises unless the lease so provides, or certain legal principles be held applicable, and, generally speaking, a conveyance of property, which the grantor has leased, is subject to the rights of the lessee under a lease in good standing."

In Garetson v. Hester (1943), 57 Cal.App. 2d 39, 133 P.2d 863, the court held that in the absence of a provision in the lease "[t]he lessor at anytime had the right to sell the property subject, of course, to the

lease, and the effect of the sale would have been merely to substitute the vendee to all of the rights of the original lessor."

In West v. Brenner, 88 Idaho 44, 396 P.2d 115, this court held that even though the lease provided for its termination on a sale of the premises, if the power of sale is not properly exercised, the lease does not terminate.

■ The lease agreement between the parties to this action contains no provision to the effect that any sale by plaintiffs of the property, during the term of the lease, should end or in any respect affect defendants' rights thereunder. As concerns the contention that no showing was made by plaintiffs that defendants' lease rights were continued after the sale, we are unable to find merit in this argument since there is no evidence that the lease was terminated by a sale or that it was terminated by plaintiffs in any manner.

■ The remainder of the foregoing quoted statement contained in defendants' brief infers that there was some understanding that a sale by plaintiffs terminated the lease. Such inference is not supported by the record. Defendants did not allege any understanding to that effect and the record discloses that defendant Mr. Jensen repeatedly stated that no agreement was ever entered into between himself and Dr. Eldredge concerning the rights of either party in the event of a sale.

Defendant Mr. Jensen testified that he was told by Dr. Eldredge sometime during February or March 1962 that the property had been sold to Gratton and Barnard; that he never received any notice from Dr. Eldredge to terminate the lease or to leave the premises; nor did he ever receive any such notice from the purchasers, Gratton or Barnard. He acknowledged that he was acquainted with the purchasers and knew that they were handling Dr. Eldredge's affairs at the time his lease was executed and that he had gone to their office to execute the lease. Said defendant further testified that he never at any time contacted the purchasers regarding his lease rights nor did he make any demands upon the purchasers relative to such rights.

We have searched the record for evidence to support the allegation in defendants' cross-complaint that "plaintiffs forceably terminated said lease and ousted defendants therefrom for the years 1962 and 1963." Although it is not even mentioned or referred to in defendants' brief, the only statement in the entire record which could be considered as even remotely connected with such allegation is the following quoted statement of the defendant Mr. Jensen while under direct examination:

"Q Now, I think you indicated on cross examination that Mr.—Dr. Eld-

redge came to you sometime in February or March, and told you that the place had been sold. Had you had any notice or seen any activity on the place prior to his coming?

"A I passed the premises or drove down the highway past the premises about dark one evening and I seen a tractor in there with a corrugator on it; and that's the only indication. And the next day I think it was that Dr. Eldredge came over."

No other reference was made to the incident mentioned. It is not disclosed whether the tractor was moving or standing still or if any person was there present. If any person was in attendance about the machine, it was not shown who or by what authority he was there. According to the defendant he made this observation in the spring of 1962 whereas plaintiffs sold their ownership in the premises on January 27, 1962. Under these circumstances there can be no presumption that the tractor referred to was on the involved premises at the instance or by the authority of plaintiffs. (See Baker v. Simonds (1963), 79 Nev. 434, 386 P.2d 86.) The record does not show that defendants made any attempt whatever to learn who claimed the equipment or by what authority it was on the premises. Such limited evidence does not establish actual, constructive or any other kind of eviction on the part of plaintiffs or any termination of the lease by them. We note it is stated in defendants' brief that "defendant upon being informed of the sale by plaintiff elected to treat it as a constructive eviction and abandoned the premises," which no doubt is a correct statement of defendants' position.

■ A motion for an involuntary dismissal admits the truth of the adversary's evidence and every inference of fact which may be legitimately drawn therefrom. A trial court should not take a case from the jury, unless as a matter of law, no recovery could be had upon any view which properly could be taken of the evidence. From the facts disclosed by this record we can perceive no legal basis upon which plaintiffs can be held responsible to defendants for damages.

Having concluded that the trial court did not err in granting the dismissal upon the ground herein considered, it is unnecessary to discuss other claimed errors.

The judgment is affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.