LAS VEGAS ORIENTAL, INC., APPELLANT, v. SABELLA'S OF NEVADA, INC., SALVERIO T. SABELLA, RESPONDENTS.

No. 11960

June 24, 1981                              630 P.2d 255

*Franklin, Bixler & Damus,* Las Vegas, for Appellant.

*William F. Hess,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

In this appeal we are required to determine if there is sufficient evidence to support the trial court's determination that Las Vegas Oriental, Inc., a landlord, breached the lease between it and Sabella's by virtue of its failure to provide adequate heating and air conditioning to a portion of the leased premises. Additionally, we must decide whether the damage award improperly included future profits. We affirm as to the breach. However, finding that the trial court erred in the award of damages, we modify the monetary award.

Appellant, plaintiff below, leased a supper club known as Mr. Porterhouse to defendant-counterclaimant-respondent Sabella's of Nevada, Inc. Appellant filed the present action for a breach of the lease alleging *inter alia* that Sabella had breached the lease by abandoning the premises nine months into a thirty-six month lease. Sabella maintained that the abandonment was justified because of Las Vegas Oriental's failure to provide adequate heating and air conditioning to the bar and

lounge area of the supper club. From a judgment in favor of Sabella's, including a damage award of $60,000.00, Las Vegas Oriental appeals.

As we held in Baker v. Simonds, 79 Nev. 434, 437, 386 P.2d 86, 88 (1963), a constructive eviction occurs when through the landlord's actions or inaction "the whole, or a substantial part, of the premises is rendered unfit for occupancy for the purpose for which it was demised." *Accord,* Medical Multiphasic v. Linnecke, 95 Nev. 752, 602 P.2d 182 (1979). In the instant case, evidence was adduced that the lounge and bar area were integral portions of the business of the supper club and that loss of the use of this portion of the premises was a significant detriment to respondent. The record reveals substantial evidence from which the trial court could properly determine that the failure to provide heating and cooling to the lounge and bar area constituted a constructive eviction.

Determining that appellant had breached the lease, the trial court set damages at $60,000.00. This award consisted of $38,000.00 for respondents' original investment, and the sum of $22,000.00 for "debts incurred." However, the fortuitous status of respondents' accounts at the time the constructive eviction is alleged to have occurred cannot be said to have been in the contemplation of the parties at the time they entered the contract. Therefore, under the well established rule set forth in Hadley v. Baxendale, 9 Ex. 341, 156 Eng. Rep. 145 (1854), such debts should not have been included in the damage award. *See also* Arctic Contractors Inc. v. State, 564 P.2d 30, 44, appeal after remand, 573 P.2d 1385 (Alaska 1977).

As that part of the judgment concerning the constructive eviction is supported by substantial evidence, it is affirmed. The award being improper, we modify with directions to the trial court to enter judgment for respondent on its counterclaim in the amount of $38,000.