PORTAL ENTERPRISES, INC., a Nevada Corporation, Appellant and Cross-Respondent, v. HOWARD W. CAHOON, dba CAHOON INVESTMENTS, a Utah Partnership, HOWARD CAHOON, a General Partnership, Respondents and Cross-Appellants.

No. 16304

March 25, 1986          715 P.2d 1324

*David Goldwater, Ltd.* and *Gary E. Schnitzer,* Las Vegas, for Appellant and Cross-Respondent.

*Wiener, Waldman & Gordon* and *Robert J. Gower,* Las Vegas, for Respondents and Cross-Appellants.

**OPINION**

*Per Curiam:*

The issue presented is whether Portal Enterprises, Inc., appellant-lessee of the Skyway Drive-In Theatre (Theatre) in Clark County, was constructively evicted from the Theatre when the Clark County Health District ordered the leased premises closed because the lessor, respondents herein, failed to bring the Theatre's water quality up to state secondary standards.

The appellant-lessee commenced this action by filing a constructive eviction complaint for damages. The respondent-lessor counterclaimed, contending that the lessee breached the lease agreement. The district court held that the lessee had waited an unreasonable time before electing to claim constructive eviction. The court found in favor of the lessor's counterclaim and awarded damages. We hold that the district court erred and reverse.

1. The State of Nevada, Department of Health, first notified the lessee of the Theatre's water quality deficiences during the first year of its lease, 1977-1978. In early 1979 the Department of Health notified the lessee that the water quality would have to be corrected to comply with state secondary standards. The lessee obtained a one-year variance. In mid-1980 the lessee's request for an extension of the variance for a second year was denied. Not until the fall of 1980 did the Clark County Health District issue its order to either bring the water quality up to standard by December 31, 1980, or cease operations.

During this period the lessor was aware that improvements to the Theatre's water system were necessary. The lessor refused to take any action to remedy the problem.

2. On appeal, the lessor contends that there was no constructive eviction. The lessor argues that under the lease agreement the lessee had the duty to make the improvements ordered by the public authorities.

If repairs ordered by a public authority are substantial, or structural in nature, such that they could not have been contemplated by the parties when the lease was executed, the lessor, not the lessee, is responsible for making them. Polk v. Armstrong, 91 Nev. 557, 540 P.2d 96 (1975). The reason for the rule is that any alteration or repair ordered by a public authority would ordinarily be outside the tenant's common law duty to repair, and the expenses of compliance would more properly be regarded either as capital expenditures or as necessary carrying charges to be paid out of rent. *Id.* For a lessee to make structural repairs that would revert to the benefit of the lessor would be inequitable. *Id.* The Theatre's sole source of water was a water well located in the basement of the leased premises. Possible methods to correct the water quality included installation of a reverse osmosis plant, connection with the water district, or sinking a deeper well. The cost of any of these methods was substantial. The lease was for a short duration, five years. At the time of the Theatre's closure only nineteen months of the lease remained. The improvements were necessary to the continued operation of the Theatre. The benefit of the expenditure reverted to the lessor. We conclude that the repairs were substantial and not within the contemplation of the parties. *See, Polk* at p. 561. The lessor had the duty to make the necessary improvements pursuant to the County's order. Failure of the landlord to perform the government-ordered alterations constituted a constructive eviction. *See, Polk* at p. 562; Scott v. Prazma, 555 P.2d 571 (Wyo. 1976); Magnolia Warehouses v. Morton Realty Co., 117 S.E.2d 552 (Ga. 1960).

3. We next consider whether the lessee waived its right to claim constructive eviction by not promptly surrendering the premises. The district court found that despite notice to the lessee in early 1979 of the water quality deficiencies, the lessee did not choose to elect to terminate the lease until December 31, 1980. The district court found that the lessee's termination was not within a reasonable time and that the lessee waived its right to claim constructive eviction. The lessee argues on appeal that under the facts of this case there is no evidence in the record to support the district court's selection of early 1979 as the time the constructive eviction occurred. We agree.

When a constructive eviction occurs, the tenant must elect to treat such interference as an eviction, and surrender the premises within a reasonable time. Baker v. Simonds, 79 Nev. 434, 386 P.2d 86 (1963). The lessee terminated its lease and vacated the premises within a reasonable time. The County issued its order in the fall of 1980. The lessee vacated the premises and terminated

its lease on December 31, 1980. On January 1, 1981, the County ordered the Theatre to cease operations until the water quality was brought up to standard. Thus, the lessee in the instant case acted promptly and did not waive its right to claim constructive eviction.

We, therefore, reverse the judgment of the district court. We remand with instructions to the district court to conduct proceedings to determine the damages due, if any, appellant-lessee.[1]

_____

[1]Our decision in this matter renders meritless the respondent-lessor's cross-appeal.