Dale L. HENRY and Maria J. Henry,
Plaintiffs–Appellants,

v.

Edward J. GRUEFF and Gisela Grueff,
Defendants–Appellees.

No. 84CA1242.

Colorado Court of Appeals,
Div. I.

April 17, 1986.

Hallberg & Brown, V. Rodney Hallberg, Estes Park, Gross & Reid, P.C., John E. Reid, Fort Collins, for plaintiffs-appellants.

Hale, Smith & Williams, Zachary G. Wilson, David S. Power, Fort Collins, for defendants-appellees.

Opinion by Judge PIERCE.

Plaintiffs, Dale L. and Maria J. Henry (the Henrys), appeal from the trial court's dismissal of their complaint as to defendants, Edward J. and Gisella Grueff (the Grueffs). We affirm.

In April 1980, the Grueffs leased certain premises to two lessees for five years for the purpose of operating a meat market on the premises. In December 1981, the Grueffs sold the premises and assigned the five-year lease to new owners. In February 1982, the two lessees assigned and transferred all of their interests in the meat shop and in the lease to the Henrys. In conjunction with this assignment to the Henrys, a written consent to the assignment was signed by one of the new owners.

Soon thereafter the premises were damaged by flooding. The Henrys allege that the new owners, upon taking possession of the demised premises, commenced making improvements for the operation of a bar or saloon, which was inconsistent with their use of the premises as a meat market. They complained that they were thereby evicted in breach of the terms and covenants of the lease.

Although the new owners were initially named as defendants, they were dismissed based on their respective bankruptcy and insolvency.

The critical issue here is whether the Grueffs, as the original owners and lessors of the leased premises, could be held liable to the tenants for breach by the present lessor of the implied covenant of quiet enjoyment. We rule that the Grueffs are not liable to the Henrys and, therefore, affirm the trial court's dismissal of the complaint.

We adopt Restatement (Second) of Property 16.3(1) (1976) which provides that: "An obligation that is imposed on one of the parties to a lease without the aid of an express promise may rest on an implied promise found to exist from the facts and circumstances...." Comment (a) to the foregoing section makes clear that, after a transfer of his reversionary interests, an original landlord remains liable on an implied promise only for disturbances of the tenant by himself or by someone whose conduct is attributable to him. No such allegations were here made. All allegations of wrongdoing pertained solely to acts of the assignee(s) of the Grueffs.

The first illustration to the above-cited Restatement section is on point: "L leases residential property to T. At a time when the condition of the leased property meets the safety and health standards of the local housing code, L transfers his reversionary

interest to L–1. Several months after the transfer, the condition of the premises becomes in violation of the housing code standards. L–1 has failed to fulfill his obligation under the lease that rests on his privity of estate with T. L is not liable to T." Thus, the Grueffs are not liable here to the Henrys for conduct not attributable to them after transfer of their reversionary interest. *See Casperson v. Meech,* 583 P.2d 218 (Alaska 1978); *Baker v. Simonds,* 79 Nev. 434, 386 P.2d 86 (1963).

In further support of this rule is the principle of law that "a covenant of quiet enjoyment is breached by 'any disturbance of a lessee's possession *by his lessor* which renders the premises unfit for occupancy for the purposes for which they were leased, or which deprives the lessee of the beneficial enjoyment of the premises, causing him to abandon them....' (emphasis added)." *Western Stock Center, Inc. v. Sevit, Inc.,* 195 Colo. 372, 578 P.2d 1045 (1978). The crucial issue is whether the disturbance of the tenant's possessory interest is attributable to the landlord.

No wrongdoing has been asserted by the Henrys which can be attributed to the Grueffs; there could be no breach of the implied covenant of quiet enjoyment by the Grueffs. Dismissal of the Henrys' complaint was proper for failure to state a claim upon which relief can be granted. *See* C.R.C.P. 12(b)(5).

The judgment is affirmed.

BERMAN and TURSI, JJ., concur.