Alexander Brothers, Appellant, v. Hawkeye & Des Moines Insurance Company, Appellee.

PLEADING: Unchallenged Pleading—Effect. An insufficient but
1 *unchallenged* pleading, if proven, will sustain a recovery, but this challenge may be made (1) by motion to direct verdict, or (2) by motion for judgment.

INSURANCE: Copy of Premium Note. Record reviewed, and held
2 to show failure to attach to a policy copy of premium note, as required by statute. (Sec. 1741, Code, 1897.)

INSURANCE: Nonpayment of Premium Note—Avoidance. A plea
3 that a policy was, at the time of loss, suspended because of the nonpayment of the premium note, presents a full defense, in the absence of any showing at that time that a copy of the note had not been attached to the policy. Plaintiff, if he admits the truthfulness of the plea, must plead in avoidance, i. e., *that no copy of the note was so attached.* (Sec. 1741, Code, 1897.)

*Appeal from Madison District Court*—Lorin N. Hays, Judge.

December 15, 1919.

Rehearing Denied October 2, 1920.

Suit on policy. Defense that same had become suspended for nonpayment of premium note. Verdict directed for defendant. Plaintiff appeals.—*Affirmed.*

*Robbins & Bonn,* for appellant.

*Read & Read,* for appellee.

Salinger, J.—I. The petition stops with alleging issuance of the policy sued on, and the loss of the property

covered by the policy. The defense is an affirmative plea that the policy was in suspension when the loss occurred, because the premium note was unpaid, and that the necessary steps required by the statute had been taken to work such suspension. No reply was filed. Nowhere in pleading was the sufficiency of this answer challenged. Appellee says this brings the matter within the settled rule that, if a pleading be not challenged, it will sustain a recovery, if proved, even if, on challenge, it would be held that no recovery could be had on such plea. We 'adhere to the rule, but hold it has no application, because, though the pleading was not attacked by any other pleading, it was specifically attacked, both in a motion to direct verdict and by motion for judgment. See *Frum v. Keeney,* 109 Iowa 393, at 397. Any method that advises the trial judge that the sufficiency of the pleading is objected to, will prevent an estoppel to urge the defect in the pleading.

1. PLEADING: unchallenged pleading: effect.

II. The next contention by appellants is that they are entitled to recover because of the requirement of the statute that a copy of the premium note must be attached to the policy, if the insurer desires to base any rights upon that note. They contend that no copy was attached. The appellee responds that, while no copy of the note was attached, either to the application or the original policy, it constructed a duplicate policy from the application, and attached a true copy of the note to this duplicate policy. It adds that the copy attached to the duplicate policy did not. purport to be, and was not, an exact copy of the original note, and that the duplicate policy was introduced, merely to show the usual manner of indorsing premium notes on policies, and that the copy of the note attached to the duplicate policy was simply a "reconstructed" copy of the policy, made up from the *application.*

2. INSURANCE: copy of premium note.

We have to say that a copy of a premium note "reconstructed" from an application which has no copy of such note, is not the copy that the statute demands.

If we shall be constrained to hold, then, that failure to attach a copy is fatal to the defense, then there must be a reversal. No copy was attached. This relieves us from settling the dispute over what *is* a true or what *is* a substantially true copy. Having held, for reasons other than failure to make a true copy, or substantially true copy, that *whatever* was attached is ineffective, it becomes immaterial whether the thing attached was or was not such copy.

III. The important question is one of pleading and of burden of proof. The petition stopped at the issue of the policy and the loss. The answer alleges that defendant took the steps required to effect a suspension of the policy, and we may assume that so the policy did become suspended. And defendant pleaded truthfully that the contract of insurance authorized a suspension during all time in which the premium note was due and unpaid.

3. INSURANCE: nonpayment of premium note: avoidance.

Section 1741 of the Code of 1897 provides:

"All insurance companies or associations shall, upon the issue or renewal of any policy, attach to such policy, or indorse thereon, a true copy of any application or representation of the assured which, by the terms of such policy, are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy. The omission so to do shall not render the policy invalid, but if any company or association neglects to comply with the requirements of this section, it shall forever be precluded from pleading, alleging or proving any such application or representations, or any part thereof, or falsity thereof, or any parts thereof, in any action upon such policy, and the plaintiff in any such action shall not be required, in order to recover against such company or association, either to plead or prove such application or representation, but may do so at his option."

Defendant says that, where it is answered that the policy was suspended at the time of the loss, the fact that a true copy of the premium note is not attached to the policy is a mere avoidance of the suspension pleaded, and

that, to avail himself of such avoidance, *plaintiff* must plead such avoidance by a reply, and prove such reply; that said statute does not require the insurer to plead affirmatively the attachment of copy; that defendant was not required to plead or prove that the note was attached to the policy, as a condition precedent to the right to prove the fact of a suspension; that failure to allege in answer that a copy of the premium note was attached to the policy is not such fatal defect in pleading as to warrant either a directed verdict or the sustaining of motion for judgment against defendant. Plaintiff responds that, on account of said failure to plead in answering, they are, as matter of law, entitled to recover on the policy; and that if, under ordinary rules, it were for plaintiff to plead the fact that the note was attached, yet they are relieved from this burden because of said statute provision that "the plaintiff in any such action shall not be required, in order to recover against such company or association, either to plead or prove such application or representation."

It is possible that, if the statute be construed too literally, it could happen that the question whether a copy was or was not attached could not get into the suit at all. Too literally construed, the statute would forbid the insurer to plead or prove that there was a suspension for nonpayment, if it were the fact that a copy of the note was duly attached, and the statute gives the insured a mere option to plead on the point. We hold that the true construction is this: If it comes properly before the court that a copy of a premium note given was not attached, then the insurer cannot avoid payment, though he both plead and prove that the loss occurred at a time when, both under statute and under contract, the policy was in suspension. But, while this is so, the statute has not interfered with the general rule that, if a forfeiture or suspension be admitted to exist unless something omitted by the one asserting the suspension makes the suspension ineffective, the one who urges such omission must plead and prove it. It results that plaintiff cannot get the benefit of the failure to attach

a copy, for the simple reason that he was bound to plead that omission by way of avoidance, and, having failed so to plead, cannot win on an issue not raised by him. It seems to us the case of the plaintiffs resolves itself into whether defendant must pay on a suspended policy because its plea of suspension is futile for not having pleaded in addition that nothing had occurred which would make ineffective its plea of suspension. We hold that the somewhat cryptic words of the statute, that plaintiff shall not be barred of a recovery because he has neither "pleaded nor proved said application or representation," do not command the insurer to "keep its tender good"—to plead what is a good defense, and at the same time plead that it has done nothing to destroy that defense. The nonpayment does effect a suspension, when the proper notices, etc., are given. The fact that copy was not attached does make the insurer liable, notwithstanding the suspension. The policyholder has that document. At any rate, the insurer has delivered it to him, and does not have it. Not only is the plea of avoidance necessary, under the rules of pleading, but, by reason of having the policy, the insured is the better qualified to show that that policy is in such condition as that the suspension for nonpayment is no defense. We are of opinion, therefore, that judgment rightly went against plaintiffs; that it was right to deny them a recovery on the suspended policy, because they had failed to plead in avoidance of the suspension. That a failure to attach copy of the note will nullify the suspension, is true. But, where the suspension is established,—nay, admitted,—such suspension remains a defense to paying the loss, unless and until failure to attach copy,—or, for that matter, anything else that might avoid a suspension,—is urged in plea, as a reason why the confessed suspension should not avail to the one who is asserting it.—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.