L. A. ANDREW, Receiver, Appellee, v. BERT MILLER, Appellant.

No. 42002.

October 24, 1933.

J. W. Kridelbaugh, for appellant.

W. M. Wilson and Watson & Watson, for appellee.

Albert, C. J.—Plaintiff, in his official capacity as superintendent of banking at the time in question, was the owner of a 200-acre farm located in Warren county, Iowa. On the 29th of August, 1931, he entered into a written contract for the sale of said land to the defendant, Bert Miller. There was $500 paid down on the contract at that time, and subject to an outstanding mortgage of $11,000, the balance of the purchase price was payable on March 1, 1932, when the contract was to be performed.

The plaintiff alleges that he performed each and all of the things he was required to do under the contract, and that the defendant refused to perform his part of the contract, and he asks for a decree for specific performance. The defendant admits the contract and its terms, and denies the balance of the claims of the plaintiff, and further admits that on the 4th day of March, 1932, he served notice on the plaintiff of his (the defendant's) refusal to perform said contract. He further pleads that he was ready, willing, and able to perform his contract and all the terms thereof on the 1st day of March, 1932, and that the plaintiff was in default because he did not have an abstract, the taxes were not paid, and the land was in the possession of another party and the plaintiff could not deliver possession, and that plaintiff failed and neglected to deliver the abstract in accordance with the terms of the contract, and he prayed that the plaintiff's petition be dismissed and that he have judgment against the plaintiff for the down payment of $500.

The evidence quite conclusively shows that the plaintiff was not ready and able to perform this contract on his part on the 1st day of March, 1932. It also shows that the defendant went to the office of Konrad & Rogers, in Lacona, Iowa, which was the place of performance under the terms of the contract, but that, not finding

the plaintiff or his representative there, he later met the representative of the plaintiff and they had a conversation about the performance of this contract. The defendant told Scoles (who was the representative of the plaintiff) that he was ready to make settlement and was ready, willing, and able to perform all the terms of the contract so far as he (the defendant) was concerned, and Scoles told the defendant that he had sent to the loan company for the abstract on the 11th day of February prior, and had not yet received it, but that he was expecting it every day and that the defendant need not pay anything further on the contract until he received the same. Scoles also told the defendant that the tenant on the farm would move off on the first of March if he so desired, and that he (the defendant) could have possession that day. The evidence further shows that the plaintiff had that day sent to the county treasurer of that county a check to cover the taxes then due, and also had sent to the Hartford Insurance Company a check to cover the interest due to that date on the outstanding mortgage. It is further satisfactorily shown that the defendant made no objection at that time, but, in fact, after this conversation with Scoles he went to the farm and had a conversation with the wife of the tenant as to their moving off the place, and the defendant told her that they need not be in a hurry about moving as the roads were practically impassable. On the 2d, or 3d day of March, the defendant was in the office of Attorney Proudfoot, and Proudfoot called Scoles over the telephone and asked him whether the abstract had yet arrived, and on being informed that it had and had been sent to the county seat to be brought down to date, Proudfoot said that he wished to examine the abstract, and the defendant testified that he was in Proudfoot's office at the time this telephone conversation took place. The evidence further shows that up to the time of this telephone conversation between Proudfoot and Scoles the defendant evidenced no interest in this contract. He testified he thought that, it being in the hands of the insurance or loan company, he could rely on that fact as an assurance of marketable title. In fact, there is no question raised in this case but that the abstract showed a good and marketable title as provided in the contract. On the 4th day of March following, the defendant served notice on the plaintiff in which he refused to perform his contract and demanded back his $500 down payment. On either the 6th or 8th of March, the plaintiff turned over to the defendant the abstract of title and offered to deliver the deed

upon payment of the money. This occurred, of course, after the defendant had notified the plaintiff that he (the defendant) refused to perform. Of course, under the record as made, the contract specifically provided that it was to be performed the 1st of March and time was made of the essence of the contract. At that point, under the record, the plaintiff would fail, of course, because he had not complied with the contract. But the case was tried apparently, in the lower court, on the theory that the defendant had waived the time element of the contract, and this being so, it necessarily followed that the plaintiff would have a reasonable time in which to carry out the terms of the contract so far as the plaintiff was concerned, and under the record showing here, we think that the plaintiff, within a reasonable time, was ready, willing, and able to perform, and tendered the performance of the contract.

██ The point here raised is that the plaintiff did not plead waiver. Of course, the general rule is that waiver, to be available, must be pleaded; yet there is one exception, at least, to this rule, and that is that the parties to a lawsuit may make and try issues which are not pleaded.

In relation to this matter we have said, in the case of Fenner v. Crips Bros., 109 Iowa 455, 80 N. W. 526, that:

"Thus, permitting the introduction of evidence on an issue not specifically pleaded, without objection, obviates the necessity of its formal presentation. This is put on the ground of waiver by some courts, and of that of consent or acquiescence by others. * * * When an issue is clearly recognized by a party as being involved in the trial, and he not only makes no objection thereto, but affirmatively consents or requests that it be passed upon, he cannot be heard afterwards to complain of the court's action in doing what he desired."

In the case of Hanson v. Kline, 136 Iowa 101, loc. cit. 112, 113 N. W. 504, 509, where we had the same question before us, it is said:

"Under our system, it is left for the parties to frame the issues, and, if they proceed without objection * * * to the trial of an issue not presented by the pleadings, it amounts to a consent to try such issue. The issue is then rightfully in the case."

Most of the testimony that was introduced in this case on the

question of waiver went in without objection and the defendant introduced testimony to combat the same. It was, therefore, an issue in the case, and properly so, by reason of the introduction of testimony on this proposition by both parties. The only objection made to it was that it was incompetent, irrelevant, and immaterial. There was no objection made that it raised an issue not pleaded, and therefore the objection as it was made was not effective.

We reach the conclusion in this case that the plaintiff was not in a position to perform the terms of the contract on the date specified; that the defendant waived that performance; and that the plaintiff, within a reasonable time thereafter, was in a position to fully perform his contract and offered to do so. The fact that the defendant served notice on the 4th of March that he refused to perform could not be effective under these circumstances, and the court rightfully held that the plaintiff was entitled to specific performance, and rightfully refused to order the return of the $500 down payment.—Affirmed.

EVANS, KINDIG, DONEGAN, and CLAUSSEN, JJ., concur.