BEN VERLINDEN, Appellee, v. MARTIN S. GODBERSON, Appellant.

No. 46944.

162

DECEMBER 17, 1946.

REHEARING DENIED FEBRUARY 14, 1947.

C. R. Jones, of Sioux City, for appellant.

Charles M. Gasser, of Sioux City, for appellee.

MANTZ, J.—The action is one of forcible entry and detainer wherein Ben Verlinden, the owner and plaintiff, brought suit against Martin S. Godberson, a tenant, to recover possession of certain property owned by plaintiff in Sioux City, Iowa.

Plaintiff based his action on the claim that the tenant, holding under an oral lease, had committed waste, damaging and injuring the property. The defendant denied that he was a tenant and alleged that he was simply holding the property for his two sons and that they were tenants under a written lease with plaintiff. Defendant did not deny plaintiff's claim that waste had been committed. Plaintiff did not reply to defendant's answer. The trial court held for the plaintiff on the ground that defendant had injured and damaged the premises and thereby reduced the value thereof, contrary to the terms of the lease, and gave judgment for plaintiff against defendant for the premises and provided that a warrant of removal issue as provided by law. Defendant has appealed.

I. The litigated issue was the claim of appellee that, under the terms of an oral month-to-month lease with appellant, the latter had committed waste; also the pleaded claim of appellant that he was not a tenant of the appellee but was simply a caretaker or custodian of the property and that his two sons were tenants under a written lease with appellee. At the time the case was started and tried neither son was in Iowa; one was at Sandstone, Minnesota, and the other was in the United States Army in Japan. Neither son was a party. No pleadings were filed by or for them and no continuance was asked in their behalf.

■ II. The appellant complains that as appellee did not answer or deny the allegations of appellant's answer to his plea that the true tenants were sons of appellant, then such failure should be deemed an admission. He relies upon Rule 102, Rules of Civil Procedure, which provides:

"Every fact pleaded and not denied in a subsequent pleading, as permitted by these rules, shall be deemed admitted * * *."

We are unable to agree with appellant on such claim under the record herein. Appellee specifically pleaded that he had leased the premises by oral lease to appellant. The appellant pleaded a written lease on behalf of his two sons. It seems to us that those two pleadings clearly made an issue between the parties: an oral lease, or a written lease. Under the record, we see no merit to the claim.

■ III. The action brought was to secure possession of the leased premises pursuant to the terms of chapter 648, Code of 1946. Section 648.1 of such chapter sets forth the grounds for such action. Paragraph 3 of said section 648.1 sets forth one of such grounds:

"3. Where the lessee holds contrary to the terms of his lease."

In this case appellee claimed that appellant was holding contrary to the terms of his lease in that he had committed waste. This court has held that a tenant is entitled to put the premises to whatever lawful use he may choose, not materially differing from that for which they have been specially designated or constructed, so long as he commits no waste therein. Chamberlain v. Brown, 141 Iowa 540, 120 N. W. 334.

In the case of Scott v. Pinkerton, Iowa, 168 N. W. 117, the question involved was whether the tenant had forfeited his lease by committing waste. Preston, C. J., speaking for the court in that matter, used the following language:

"So that, as said, the real controversy in the case is as to the forfeiture of the lease. This is a question of fact. We shall not set out the evidence. An examination of the record satisfies

us that the trial court rightly held that the lease had been violated by defendant, and that the plaintiff was entitled to the possession of the property for that reason.''

In the present case, appellant claims that the action of forcible entry and detainer is not the proper remedy. We call attention to the case of Denecke v. Miller & Son, 142 Iowa 486, 119 N. W. 380, 19 Ann. Cas. 949. The action was one of forcible entry and detainer where it was claimed that the tenant had forfeited his lease. The court held that the evidence sustained the claim of the landlord that the tenant had violated the terms of the lease and had therefore forfeited his rights thereunder and that the action of forcible entry and detainer was a proper remedy.

In the case of Schultz v. Lidtka, 179 Iowa 652, 657, 161 N. W. 682, 683, it was sought to obtain relief on the grounds that waste had been committed and a forfeiture had ensued. In this case, in denying the relief sought, the court said:

''We have not attempted to set out the evidence in full. It is not our practice to do so in fact cases. But, taking the record all together, we are satisfied that the plaintiff did not make out a case for reformation or forfeiture of the lease on account of waste and damage, and that the trial court properly decided the case.''

While the lease sued upon was oral, yet certain covenants as to the use of the premises will be implied. The rule is stated, in 36 C. J. 84, section 710:

''Where the contract of lease is silent on the subject * * * The law implies an obligation on the part of the tenant to use the property in a proper and tenantlike manner * * * and not to expose the buildings to ruin or waste by acts of omission or commission.''

See, also, 35 C. J. 1221, section 555.

It seems to us, under the authorities, the committing of waste on leased premises will work a forfeiture of the lease and that the landlord can bring an action to recover the premises

by an action of forcible entry and detainer. Under the record we hold that the action was properly maintainable and that the evidence of waste justified a finding that the tenant (appellant) was holding contrary to the terms of his lease.

Appellant complains in argument that there were no allegations of waste in appellee's petition. The petition does not in express terms allege waste. It does allege that the defendant (appellant) holds over after the termination of the lease, and also that he holds contrary to the terms of the lease. To this petition was attached and made a part thereof a thirty-day notice to quit, also a three-day notice to quit. The thirty-day notice alleged that appellant had injured and damaged the property, thereby reducing the value thereof, contrary to the terms of the lease. This petition was duly verified. Appellant did not attack the petition or challenge its sufficiency by motion or other pleading; neither did he object to the introduction of the thirty-day notice or the three-day notice when offered in evidence. When appellee offered evidence to show waste, no objection was made that such evidence was not within the pleaded issue. Having gone to trial on the petition, and having litigated the issue raised without objection, and not having objected to evidence offered to establish such claim of waste, we do not think that the objection now made by appellant can be of any avail to him.

We think it is unnecessary for us to pass upon the sufficiency of appellee's petition in the present state of the record. However, we are unable to see wherein appellant was misled. The thirty-day notice served upon him specifically advised him of the claim of waste and a copy of such notice was attached to the petition. While the petition may have been vulnerable to attack, still appellant having filed answer setting up a defense thereby joined an issue, and this after trial was decided adversely to the appellant. This court has passed upon such a situation many times. Stiles v. Brown, 3 (G. Greene) Iowa 589; Murphy, Neal & Co. v. Creighton, 45 Iowa 179; Kendig v. Overhulser, 58 Iowa 195, 12 N. W. 264; Alexander Bros. v. Hawkeye & Des Moines Ins. Co., 189 Iowa 726, 175

N. W. 24; Mitchell v. McLeod, 127 Iowa 733, 104 N. W. 349; Andrew v. Miller, 216 Iowa 1378, 250 N. W. 711.

We hold that any objection to the sufficiency of appellee's petition has been waived.

■ IV. The appellant argues that the evidence fails to show that waste was committed. The court found otherwise and, under the familiar rule, a finding of fact by the court will stand if the evidence introduced supports it.

■ We have examined the record and are of the opinion that the evidence fully supports the finding of waste by the trial court. As a matter of fact, the appellant's evidence on that point does not seriously controvert that offered by the appellee. Substantially all of the evidence offered by appellant was upon his claim that his two absent sons were tenants under a written lease and that he was simply a janitor or watchman looking after their interests.

We will briefly review the evidence relating to the question of waste. The property leased was known as No. 2603 Correctionville Road, Sioux City, Iowa. The building leased had two rooms: one apartment, in the rear, and office building, in the front. Appellee claimed that it was rented to appellant with the understanding that the apartment was for sleeping purposes and that in the front office a few headstones were to be placed for show and sale purposes. He claimed that heavy monuments were stored in both rooms, causing the floors to sag and settle; that the floor had settled three inches between the office and the apartment; that appellant had braced the floor but that it kept on settling; that lumber was piled up on the place, causing rats to come; that the rock stored weighed from fifteen to twenty tons; that the plumbing was disconnected and taken apart, sinks taken out altogether, with lights and wiring; that appellant took the sinks to Holstein and appellee claimed that he had to bring them back. Appellant does not deny that monuments have been stored in the apartment; he says that at times he moves some of those stored there. There is no denial by him that the building has been injured and damaged by the weight of the stored monuments or that the plumbing and fixtures have been changed and fixtures taken out.

We hold that the record amply supports the finding of the court that appellant in the use of the property has committed such waste as to injure and damage the leased property.

V. In finding for the appellee the trial court did not in express terms specifically hold that there existed between appellee and appellant an oral lease for the premises involved. However, we think that no other construction can be placed upon the court's finding. The evidence offered showed that the dealings in regard to the rent were between appellant and appellee; that the former was in charge and paid the rent; that the two sons of appellant had been absent for years. The appellant, in order to support his claim that a written contract or lease for the premises existed between appellee and his two sons, offered in evidence two writings, designated as Exhibits Nos. 2 and 3. These were signed by appellee and one of appellant's sons, G. L. Godberson and Gilbert L. Godberson. Only one is dated and bears date of July 11, 1942. No fixed tenure as to duration is expressed therein. The dated one seems to be contingent upon the property becoming vacant and unoccupied by some other person. The rent was $16 per month. Appellee testified that the oral lease was entered into in the spring of 1943 and that the rental regularly paid by appellant was $8 per month for the apartment and $10 per month for the office. Appellant offered in evidence an uncashed check payable to appellee for $23, which he stated was for the February 1946 rent. Later he stated that the rent was $13. Appellant claims that a grown daughter was with him and helped look after the business, sometimes paying the rent, and having a checking account. The uncashed check was drawn on the account of the daughter. The daughter did not testify. When we take into consideration the evidence regarding the claimed written lease, we are of the opinion that it fails to sustain the claim made for it by appellant.

VI. Appellee pleaded a tenancy from month to month and that a notice of the termination of such tenancy was given the defendant (appellant). The evidence shows that appellee gave appellant a thirty-day notice to quit and later a three-day

notice. In law, this in itself was sufficient to terminate the month-to-month tenancy, and would have entitled appellee to recover, regardless of the question of waste. However, the record fails to show that appellee below based his right to recover on this ground and it is not urged in this court; consequently it cannot be here considered.

We hold that under the record as the matter was litigated in the trial court the judgment of the trial court was correct and the cause is affirmed.—Affirmed.

GARFIELD, C. J., and OLIVER, HALE, BLISS, WENNERSTRUM, SMITH, and HAYS, JJ., concur.

MULRONEY, J., concurs in result.