247 So.2d 858

**STATE of Louisiana**

v.

**Marion J. ALESSI and Charles G. Walker.**

No. 50895.

May 4, 1971.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Alton T. Moran, Asst. Atty. Gen., for plaintiff-appellant.

Howell & Brown, R. Boatner Howell, Jr., Baton Rouge, for defendant-appellee.

McCALEB, Chief Justice.

The State is appealing herein from a judgment which quashed a bill of information charging that Marion J. Alessi and Charles G. Walker had violated the provisions of R.S. 14:56, in that they intentionally damaged certain property at a given address, without the consent of the owner, said damage totaling $2,877.61.

In the trial court, appellees filed a motion for a bill of particulars and, in connection with its answer thereto, the State filed certain documents from which it was made to appear that the appellees had formerly been tenants of the complainant, and that the latter caused the bill of information to be filed. One of these documents was a letter from the landlord addressed to the district attorney requesting that charges be brought against the former tenants, and it is stated therein that the damage occurred while appellees occupied the premises as tenants, or while they were in the course of moving from the premises.

The motion to quash is founded on the assertion that (1) the information and response to the bill of particulars fails to state an offense punishable under a valid statute; (2) that State's response indicates that a corporation, owned by the appellees, rented the allegedly damaged building; (3) the items alleged as having been "intentionally damaged are manifestly those items which may have sustained damage as

a result of the removal of property belonging to the lessee", and (4) that no criminal liability attaches under R.S. 14:56, when a landlord-tenant relation exists, as the tenants are liable only for civil damages.

These contentions have no substance. R.S. 14:56 provides, inter alia, that "Simple criminal damage to property is the intentional damaging of any property of another, without the consent of the owner, * * * by any means other than fire or explosion."

Appellees do not claim that the statute is unconstitutional or otherwise illegal, and the bill of information recites facts which bring their conduct clearly within its terms.

In connection with the second ground for quashing the bill of information, appellees assert in this Court that the letter from the landlord, which prompted the filing of the charge, shows that the complaint was against the corporation owned by them, and only incidentally against them as individuals. We do not so interpret the letter. Besides, we consider it immaterial. For assuming, arguendo, that the original complaint was made only against the corporation, we know of no law which binds the State in the prosecution of an alleged offense to the wishes or desires of the complaining witness. In this instance it might be that the corporation, as well as its members individually, could

have been charged. But it avails these appellees nothing because the district attorney charged only them, as individuals.

The third ground is likewise without substance. Whether the alleged damage was intentionally inflicted or was of negligent or accidental origin cannot be determined on the motion to quash. This issue presents a question of fact which can be resolved only by the taking of evidence on a trial of the merits of the case.

Nor do we think that tenants are immune from prosecution under the provisions of R.S. 14:56 when they intentionally damage property belonging to their landlord. No such exemption is contained in the statutory provisions and we can conceive of no reason why one should exist. The mere fact that the landlord has a civil remedy for recovery for the damage inflicted does not prevent the State from prosecuting an offending tenant for an act which has been declared also to constitute criminal conduct.

The civil cases cited by defense counsel to support this argument are totally irrelevant. Ducote v. United States Guaranty and Fidelity Company, La.App., 125 So.2d 176, involved the language of an insurance policy. The phrase there being interpreted was "malicious mischief or vandalism", neither one of which is denounced as a crime. The court merely analogized the act to that denounced in R.S. 14:56 pointing out that intent to do the damage was an essential element of the crime.

Bladg v. Giacomino, 170 La. 638, 128 So. 661, originated apparently out of ill feeling between a landlord and tenant. But there the analogy to this case ends. In that matter, the landlord caused the tenant to be arrested and charged with theft of a counter from the leased premises when the latter moved therefrom. The tenant was acquitted and subsequently brought a civil suit for false arrest and malicious prosecution. Judgment was rendered in favor of plaintiff-tenant, on the factual finding that the counter in question belonged to the tenant, that the landlord knew this and was not in good faith when he caused the tenant's arrest and brought the theft charge. There is no suggestion in the opinion that a criminal charge would not lie in any landlord and tenant situation because the landlord has a civil remedy to redress the wrong due to him.

For the reasons assigned, the judgment appealed from is reversed; the motion to quash is overruled and the case is remanded for further proceedings in accordance with law.