This is an appeal from a summary judgment in favor of the defendant in a malicious prosecution action.
On or about November 5, 1985, Ted W. Stacks was in the process of moving out of a house located in Mobile that he was renting from Jacque Pate, Jr. As Stacks was packing his belongings into his automobile, Pate arrived. Pate alleged that Stacks told him that he, Stacks, would "mess up" the house and also harm Pate. Pate left and then returned to the house less than two hours later, and he allegedly found damage done to the carpet, walk, doors, and floor of the house. Pate saw obscene words written on the carpet with spray paint and noticed that certain drapes and window blinds were missing.
Pate's attorney, Michael Murphy, stated in an affidavit that Pate had informed him about the alleged events regarding Pate's encounter with Stacks and Pate's subsequent discoveries made inside the house. Murphy stated that, based upon Pate's statements to him and upon Murphy's analysis of the applicable law, he advised Pate that there appeared to be sufficient circumstantial and direct evidence to warrant Pate's instituting a criminal action against Stacks.
After Pate swore out a complaint against Stacks charging him with criminal mischief in the first degree,[1] and with theft of property in the second degree,[2] a Mobile district court magistrate issued an arrest warrant for Stacks. After a preliminary hearing, the district court judge issued certificates of judgment binding Stacks over to the Mobile County grand jury on the ground that there existed "probable cause" to believe that Stacks had committed the offenses filed against him by Pate. The Mobile County grand jury returned two indictments against Stacks for criminal mischief in the first degree and theft of property in the first degree.[3] Because of Pate's failure to appear on the day scheduled for Stacks's trial, the Mobile district attorney nol prossed the charges against Stacks, but another Mobile County grand jury later reindicted Stacks on the same two offenses. Stacks was tried. At the conclusion of his trial, the jury returned a "not guilty" verdict on both charges.
Stacks subsequently filed the instant civil complaint against Pate and in it he made claims of malicious prosecution, false imprisonment, and abuse of process. The trial court granted Pate's motion to dismiss the false imprisonment, and abuse of process counts; however, the trial court did not dismiss the complaint for malicious prosecution. Pate filed a motion for summary judgment as to the remaining count alleging malicious prosecution. Attached to that motion, Pate submitted one affidavit from himself and one from his attorney Murphy. Pate also submitted certified copies of the Mobile District Court's certificates of judgment entered against Stacks, as well as certified copies of the Mobile County grand jury indictments against *Page 1074 
Stacks. The trial court granted Pate's motion for summary judgment.
The issue presented by this appeal is whether the trial court erred in granting Pate's motion for summary judgment. Summary judgment is proper only when the pleadings and affidavits submitted by the movant show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; BonSecour Fisheries, Inc. v. Barrentine, 408 So.2d 490 (Ala. 1981).
The elements of a cause of action for malicious prosecution have been set forth by this Court:
 "To successfully maintain an action for malicious prosecution in Alabama, the plaintiff has the burden of proving that a prior judicial proceeding was instigated by the defendant without probable cause and with malice, such proceeding ending in favor of the plaintiff, but nevertheless causing the plaintiff damages. Brown v. Parnell, 386 So.2d 1137 (Ala. 1980); Birwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514
(1969). All of these elements being essential, the plaintiff must prove them in order to prevail because an action for malicious prosecution is not favored at law. This Court stated its reasoning for such a rule in Birwood Paper Co., supra, citing Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555 (1959):
 " '[A]nyone who has reasonable cause to believe that there is reasonable cause for legal redress and protection has a lawful right to seek such redress without risk of being sued and having to respond in damages for seeking unsuccessfully to enforce his rights.' "
Alabama Power Co. v. Neighbors, 402 So.2d 958, 962 (Ala. 1981). (Emphasis added.)
One of the necessary elements to be proven by a plaintiff in a malicious prosecution action is that the defendant instigated the prior judicial proceeding against him "without probable cause." In Lumpkin v. Cofield, 536 So.2d 62, 64 (Ala. 1988), this Court stated that a "grand jury indictment [of a defendant in a prior judicial proceeding] is prima facie evidence of [the existence] of probable cause." As further noted in Lumpkin, such "a prima facie defense can be overcome by a showing that the indictment was 'induced by fraud, subornation, suppression of testimony, or other like misconduct of the party seeking the indictment.' National Security Fire Casualty Co. v. Bowen,447 So.2d 133, 140 (Ala. 1983)." Id. The record in this case does not show that the indictment was induced by fraud, subornation, suppression of testimony, or other like misconduct of the party seeking the indictment. The record further shows that Pate sought advice of counsel before instigating the proceedings.
The law provides that "advice of counsel, honestly sought and acted on in good faith, supplies an indispensable element of probable cause for legal action and is a complete defense to an action for malicious prosecution." Hanson v. Couch,360 So.2d 942, 945 (Ala. 1978).
Upon review of the evidence submitted by the movant in support of his motion for summary judgment, we find that the record shows, as a matter of law, that Pate did not instigate the judicial proceeding without probable cause. The evidence before the trial court consisted of four affidavits and court documents pertaining to the prosecution. The four affidavits were from Pate; his attorney, Michael Murphy; Stacks; and a witness to certain events that occurred after the day in question, one Claudia Cain. The court records filed in support of the motion were from the District Court and the Circuit Court of Mobile County; they were the arrest warrants, the district judge's finding of probable cause and his binding over of Stacks to the grand jury, the first set of grand jury indictments, and the second set of grand jury indictments.
Pate's affidavit establishes that before commencing criminal charges, he sought the advice of attorney Michael Murphy. Pate gave to attorney Murphy "a detailed and complete statement of the facts as *Page 1075 
[Pate] knew them." While Murphy and Pate were talking, Murphy consulted his law books. Murphy then advised Pate that, in Murphy's opinion, sufficient circumstantial and direct evidence existed to warrant Pate's instituting criminal proceedings if Pate chose to do so. Murphy further advised Pate that Murphy thought a district judge would find probable cause based on the information. Pate's affidavit further states that Pate sought Murphy's advice honestly, acted on it in good faith, and acted on the advice of counsel.
The affidavit of attorney Michael Murphy states that at all pertinent times he was a practicing attorney in Mobile, that Pate contacted Murphy as a lawyer about the matter before Pate instituted the criminal proceedings, and that "[Pate] gave [Murphy] a detailed statement of the facts which [Murphy] regarded as a complete statement of the facts as [Pate] knew them." Murphy's affidavit states that he consulted some of his law books and advised Pate that, in Murphy's opinion, there was sufficient circumstantial and direct evidence to warrant Pate's instituting the criminal proceedings if Pate chose to do so and that Murphy thought that a district judge would find probable cause based upon the information.
We find no admissible evidence that would contradict any of the affidavits submitted by Pate.
 "It is well settled in Alabama that, when a motion for summary judgment is made and the moving party has met its burden, the opposing party may not rest upon the mere allegations or denials of the pleadings. The opposing party must instead set forth sufficient facts showing a genuine issue for trial. E.g. Eason v. Middleton, 398 So.2d 245 (Ala. 1981); Powell v. South Central Bell Telephone Co., 361 So.2d 103 (Ala. 1978); Rule 56(e), ARCP. Furthermore, the purpose of the motion for summary judgment is to test the sufficiency of the evidence to determine if any real issue exists and the court has no alternative but to consider the evidence uncontroverted where, as here, the opponent fails to contradict the evidence presented by the moving party. [Citation omitted.] Whatley v. Cardinal Pest Control, 388 So.2d 529 (Ala. 1980)."
Garrigan v. Hinton Beef Provision Co., 425 So.2d 1091, 1093
(Ala. 1983).
The trial court did not err in entering Pate's summary judgment. That judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] Ala. Code 1975, § 13A-7-21.
[2] Ala. Code 1975, § 13A-8-4.
[3] Ala. Code 1975, § 13A-8-3.