STATE of Iowa, Appellant,

v.

Lisa Astella MANN, Appellee.

No. 90–16.

Supreme Court of Iowa.

Dec. 19, 1990.

Thomas J. Miller, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Linda A. Hall, Asst. County Atty., for appellant.

Raymond E. Rogers, State Appellate Defender, and Ahmet Gonlubol, Asst. State Appellate Defender, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

The State charged defendant Lisa Mann with two counts of criminal mischief following allegations that she substantially damaged two residential properties which she leased as a tenant. Prior to trial Mann moved for an adjudication of law points, urging the court to determine as a matter of law that a lessee cannot be convicted of criminal mischief for damaging property subject to a lease. The district court ruled in Mann's favor. It reasoned that a lease "split" the ownership of the property between landlord and tenant and, given the civil remedies for damages available to the landlord, criminal prosecution was not "proper." We granted the State's petition for discretionary review of the court's ruling and now reverse.

Because this case reaches us on appeal from a motion to adjudicate law points, our review is for the correction of legal error. *State v. Bock*, 357 N.W.2d 29, 32 (Iowa 1984). The facts upon which the court based its ruling were stipulated and straightforward: (1) the leased premises were damaged during the term of Mann's rental agreements with the complaining witnesses, and (2) the damage was done at the time Mann was vacating the premises following eviction for nonpayment of rent.

The controversy centers on the statutory definition of criminal mischief:

Any damage, defacing, alteration, or destruction of tangible property is criminal mischief when done intentionally by one who has no right to so act.

Iowa Code § 716.1 (1989). Mann convinced the district court that the statute has no application to tenants who, by virtue of their possession of the leasehold, always have the "right to so act" subject to civil liability for repairs that exceed normal wear and tear. Unless this "right" of ten-

ants is recognized, Mann argues, overzealous prosecutors will seek to criminalize minor acts of damage commonly covered by security deposits and rental agreements.

The State urges reversal of the trial court ruling on three grounds: (1) the district court misperceived the scope of a tenant's interest in leased property; (2) the court erred when it concluded that the availability of a civil remedy bars criminal prosecution; and (3) the criminal mischief statute makes no exception for tenants. We shall consider the arguments in turn.

I. It is true that for liability purposes, Iowa law regards a tenant's interest in leased property as tantamount to ownership:

"When land is leased to a tenant, the law of property regards the lease as equivalent to a sale of the premises for the term. The lessee acquires an estate in the land, and becomes for the time being the owner and occupier...."

*Fetters v. City of Des Moines,* 260 Iowa 490, 497, 149 N.W.2d 815, 820 (1967) (quoting W. Prosser, *Law of Torts* § 63, at 411–12 (3d ed. 1964)). From this premise, Mann seems to argue that she possesses unlimited use of the property under her control. A tenant's rights to leased property, however, are clearly restricted. Iowa's Uniform Residential Landlord and Tenant Act defines a tenant as merely one who is entitled "to occupy a dwelling to the exclusion of another." Iowa Code § 562A.6(13). Under the act, the landlord retains ownership of the premises. *See* Iowa Code § 562A.6(4). Moreover, tenancy carries with it the duty not to "deliberately or negligently destroy, deface, damage, impair or remove" any part of the premises. Iowa Code § 562A.17(6).

This restricted view of a tenant's rights in the property echoes the law predating enactment of chapter 562A:

This court has held that a tenant is entitled to put the premises to whatever *lawful* use he may choose, not materially differing from that for which they have been specially designated or constructed, so long as he commits no waste therein.

*Verlinden v. Godberson,* 238 Iowa 161, 164, 25 N.W.2d 347, 349 (1946) (emphasis added). In *Verlinden,* this court held that a tenant's misuse of leased property rightly led to forfeiture of the tenant's rights in the premises. *Id.* at 165, 25 N.W.2d at 350.

■ We draw from this common-law and statutory authority two conclusions: (1) a tenant's right to occupation and use of the leasehold is exclusive, but not unlimited; and (2) the concept of exclusive use does not extend to acts that destroy the owner's interest in the leased property. A tenant's right and interest in the leasehold is limited to *lawful* use.

■ II. Given the tenant's obligation to use the premises lawfully, we find no merit in the district court's conclusion that the availability of a civil action for waste precludes criminal action for intentional destruction of property. In *State v. Halverson,* 362 N.W.2d 501, 503 (Iowa 1985), for example, we found no inconsistency in the State's pursuit of both civil and criminal remedies against a mobile home dealer for tampering with odometers. We observed that civil actions seek to compensate injured parties for loss; criminal penalties are exacted to punish those who violate the law. *Id.*

The same principle applies to the case before us. Mann's landlord may pursue a civil action to restore the premises. The State is not prevented thereby from seeking to punish Mann for intentional acts that violate the criminal mischief statute. Although the issue has been rarely litigated, other jurisdictions seem to be in accord. *Stacks v. Pate,* 561 So.2d 1072, 1075 (Ala. 1990) (in civil suit by tenant against landlord for malicious prosecution, fact that tenant had been acquitted of criminal mischief did not overcome reasonableness of landlord's criminal complaint where tenant ransacked house after eviction); *State v. Alessi,* 258 La. 753, 757, 247 So.2d 858, 860 (1971) (where property of landlord intentionally damaged, court "can conceive of no reason" to exempt tenants from criminal mischief statute); *Athey v. State,* 697 S.W.2d 818, 821 (Tex.App.1985) (conviction of criminal mischief reduced from felony to

misdemeanor but otherwise upheld where tenant substantially "remodeled" leasehold without landlord's permission).

■ III. Finally, we are not persuaded that the nature of the landlord/tenant relationship presents such opportunity for abuse of the criminal process that we must infer the legislature intended to exempt tenants from the reach of the criminal mischief statute. Had the legislature meant to carve out such an exception, we think it would have said so. Common sense would suggest that mere status as a tenant should not immunize a person from the laws protecting tangible property from criminal abuse. *Cf. State v. Siemer*, 454 N.W.2d 857, 863–64 (Iowa 1990) (reach of parental authority does not extend to harm of unlawful confinement prohibited by kidnapping statute).

The district court's ruling in this matter is contrary to the law and, accordingly, we reverse and remand for further proceedings.

REVERSED AND REMANDED.