ADAMS, Justice.
Hughlon Hovey appeals from a summary judgment in favor of the defendants on Hovey’s claim that the defendants maliciously prosecuted a prior action against him. We affirm.
Defendant Guice Slawson is the president of defendant Southeast Wood Treating, Inc., in Louisville, Alabama. In 1989, after discovering that some lumber was missing from the business, Slawson learned that one of his employees had stolen it. The employee confessed the theft to Slaw-son and told him that he had sold the lumber to Hovey. Upon being told that the employee had sold the lumber to Hovey, Slawson consulted an attorney, as well as the district attorney. Upon their advice, Slawson swore out a warrant for Hovey’s arrest. Hovey was thereafter arrested and a grand jury indicted him for receiving stolen property in the second degree; however, the case was dismissed prior to trial. Hovey then filed this malicious prosecution action.
Hovey contends that the trial court erred in entering the defendants’ summary judgment. We disagree.
“The elements of a cause of action for malicious prosecution have been set forth by this Court:
“ ‘To successfully maintain an action for malicious prosecution in Alabama, the plaintiff has the burden of proving that a prior judicial proceeding was instigated by the defendant without probable cause and with malice, such proceeding ending in favor of the plaintiff, but nevertheless causing the plaintiff damages. Brown v. Parnell, 386 So.2d 1137 (Ala.1890); Birwood Paper Co. v. Damsky, 285 Ala. 127, 229 So.2d 514 (1969). All of these elements being essential, the plaintiff must prove them in order to prevail because an action for malicious prosecution is not favored at law. This Court stated its reasoning for such a rule in Birwood Paper Co., supra, citing Boothby Realty Co. v. Haygood, 269 Ala. 549, 114 So.2d 555 (1969):
*843 “1 “[A]nyone who has reasonable cause to believe that there is reasonable cause for legal redress and protection has a lawful right to seek such redress without risk of being sued and having to respond in damages for seeking unsuccessfully to enforce his rights.’ ”
“Alabama Power Co. v. Neighbors, 402 So.2d 958, 962 (Ala.1981). (Emphasis added.)
“One of the necessary elements to be proven by a plaintiff in a malicious prosecution action is that the defendant instigated the prior judicial proceeding against him ‘without probable cause.’ In Lumpkin v. Cofield, 536 So.2d 62, 64 (Ala.1988), this Court stated that a ‘grand jury indictment [of a defendant in a prior judicial proceeding] is prima facie evidence of [the existence] of probable cause.’ As further noted in Lumpkin, such ‘a prima facie defense can be overcome by a showing that the indictment was “induced by fraud, subornation, suppression of testimony, or other misconduct of the party seeking the indictment.” National Security Fire & Casualty Co. v. Bowen, 447 So.2d 133, 140 (Ala.1983).’ Id. ...
“The law provides that ‘advice of counsel, honestly sought and acted on in good faith, supplies an indispensable element of probable cause for legal action and is a complete defense to an action for malicious prosecution.’ Hanson v. Couch, 360 So.2d 942, 945 (Ala.1978).”
Stacks v. Pate, 561 So.2d 1072, 1074 (Ala.1990). In this case, Slawson sought the advice of his attorney and the district attorney prior to swearing out a warrant for Hovey’s arrest. There is no evidence that he failed to tell them any of the facts as he knew them to be. Thereafter, the grand jury returned an indictment against Hovey. There is no evidence that the indictment was “induced by fraud, subornation, suppression of testimony, or other misconduct of the party seeking the indictment”. Id. In fact, Hovey’s offer of proof that the proceeding was instituted maliciously seems to be his statement that he did not know that the employee from whom he purchased the lumber had stolen it.
“ ‘The question is not whether the [malicious prosecution] plaintiff was guilty of the thing charged, but whether the [malicious prosecution] defendant acted in good faith on the appearance of things’ Birwood Paper Co. v. Damsky, 285 Ala. 127, 134-135, 229 So.2d 514, 521 (1969).”
Eidson v. Olin Corp., 527 So.2d 1283, 1285 (Ala.1988). (Emphasis added in Eidson.) Based on the record before us, we conclude that the trial judge properly entered the summary judgment.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.