**ENTERPRISE ELECTRONICS CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 91–T–1258–S.

United States District Court,
for the M.D. Alabama,
Southern Division.

Dec. 21, 1992.

M. Dale Marsh, Enterprise, AL, for plaintiff.

Kenneth E. Vines, U.S. Atty's Office, Montgomery, AL, Stuart Gerson, Jeffrey Axelrad, Paul Figley, Diana Gordon, Washington, DC, for defendant.

### MEMORANDUM OPINION

MYRON H. THOMPSON, Chief Judge.

Enterprise Electronics Corporation filed this lawsuit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 1346(b), 2671–2680. Enterprise Electronics charges that the Defense Con-

tract Audit Agency (DCAA) negligently performed an audit of a contract between Enterprise Electronics and the United States Air Force, resulting in administrative, civil, and criminal proceedings against Enterprise Electronics. The United States moves to dismiss this lawsuit, asserting that Enterprise Electronics has not stated a claim under the FTCA; Fed.R.Civ.P. 12(b)(6), and for lack of subject-matter jurisdiction, Fed. R.Civ.P. 12(b)(1). Rule 12(b)(6) authorizes a court to dismiss a claim if, accepting the allegations of the complaint as true, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). For the reasons that follow, the government's motion is granted.

## I. BACKGROUND

Enterprise Electronics has alleged the following. In July 1985, Enterprise Electronics and the Department of Defense entered into a "letter contract" for the purchase of weather radar systems, in which they agreed to negotiate the price at a later date. In August 1985, Enterprise Electronics submitted a proposed price, which included a summary of the estimated cost to be incurred by Enterprise Electronics. The Department of Defense asked the DCAA to review Enterprise Electronics's proposal. The DCAA auditor found discrepancies and mistakes which he believed indicated possible fraud against the United States. The auditor did not report these findings to Enterprise Electronics, the Department of Defense, or the DCAA supervisor as required by the DCAA's audit manual and as a reasonably prudent accountant would have done. As a result of the failure of the DCAA to comply with these standards, the Department of Defense and Enterprise Electronics negotiated a definitive contract with no knowledge of the alleged defective cost. Had the parties been informed of the alleged defects, they would have been resolved, thereby obviating the need for administrative and judicial actions.

The DCAA thereafter reported the suspected fraud to the Department of Defense Inspector General's office, which conducted an investigation. As a result of the investigation and a second DCAA audit, a federal grand jury indicted Enterprise Electronics, its president, and former purchasing agent on charges of fraud, false claims, and conspiracy. At trial, the jury acquitted all the defendants on all charges. The Department of Defense had suspended Enterprise Electronics from receiving government contracts while the criminal case was pending and continued the suspension pending an administrative action to show cause why the company should not be barred from receiving contracts for a period of five years. The Department of Defense also issued a notice to show cause why the contract price should not be unilaterally reduced. The Justice Department subsequently filed a civil suit for fraud under the False Claims Act. The jury in the civil suit found Enterprise Electronics liable and penalized it $100,000. In defending itself in the various actions, Enterprise Electronics has spent over $500,000.

Enterprise Electronics maintains that it is entitled to recover all expenses it has incurred as a result of the criminal, civil, and administrative proceedings in which it has been involved.

## II. DISCUSSION

The government argues that Enterprise Electronics's suit is barred by the specific exceptions to the FTCA for malicious prosecution, discretionary functions, and misrepresentation. 28 U.S.C.A. §§ 1346(a), 2680(a) & (h). The government also contends that: Enterprise Electronics's suit sounds in contract not tort; Enterprise Electronics seeks to recover expenses that did not arise from the "loss of property" under the FTCA; and no duty exists under state law for which the government can be held liable.

A. Malicious Prosecution Exception

■ The FTCA does not waive sovereign immunity for "any claim arising out of . . . malicious prosecution." 28 U.S.C.A. § 2680(h). The government contends that the malicious prosecution exception bars Enterprise Electronics's suit. Malicious prosecution is the groundless instigation of criminal or civil proceedings against the claimant.

*Stacks v. Pate,* 561 So.2d 1072, 1074 (Ala. 1990). The proceedings must be instituted without probable cause and must be terminated in favor of the claimant. *Id.* at 1074. The government argues that, although Enterprise Electronics's complaint does not identify all the elements of the tort, the gravamen of Enterprise Electronics's case is malicious prosecution.

The Eleventh Circuit Court of Appeals has held that "a cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim." *Metz v. United States,* 788 F.2d 1528, 1534 (11th Cir.) (quoting *Block v. Neal,* 460 U.S. 289, 297, 103 S.Ct. 1089, 1094, 75 L.Ed.2d 67 (1983)), *cert. denied,* 479 U.S. 930, 107 S.Ct. 400, 93 L.Ed.2d 353 (1986). However, a plaintiff can "pursue 'a distinct claim arising out of other aspects of the Government's conduct.'" *Metz,* 788 F.2d at 1534 (quoting *Neal,* 460 U.S. at 298, 103 S.Ct. at 1094). The issue, then, is whether Enterprise Electronics's claim "arises out of" a malicious prosecution. The court must determine whether Enterprise Electronics has alleged an injury independent of that which arose from a malicious prosecution.

In *Neal,* the Supreme Court noted that a plaintiff could not recover where she alleged "no injury that [she] would have suffered independently of [her] reliance on the erroneous appraisal." 460 U.S. at 296, 103 S.Ct. at 1093. The government argues that Enterprise Electronics claims no injury other than that which it allegedly suffered by being investigated and prosecuted by the Department of Justice and that Enterprise Electronics suffered no injury solely because of the DCAA's negligent audit.

■ Enterprise Electronics maintains that a cause of action is defined by the nature of the underlying wrongful acts and not the nature of the resulting injuries and damages. According to Enterprise Electronics, it does not allege any tortious act based upon the DCAA's referral decision or any act by the Justice Department. These decisions, Enterprise Electronics explains, are relevant only insofar as they are the foreseeable result of the DCAA's negligence in performing its professional auditing activities. Enterprise Electronics also argues that the United States is liable for all injuries that are the reasonably foreseeable result of its negligence. Therefore, it is irrelevant whether Enterprise Electronics could have asserted a cause of action to recover damages based upon a Justice Department decision or whether another cause of action might have been barred under the FTCA.

The court finds that Enterprise Electronics's claim arises out of a malicious prosecution claim. In order for Enterprise Electronics to maintain a cause of action, the wrongful acts by the government must include not only the DCAA's negligence but also the DCAA's referral of the case to the Justice Department and the Justice Department's prosecution. If the referral and the prosecution were not wrongful, then the government has no liability. Despite Enterprise Electronics's attempt to characterize the Justice Department's actions as merely the foreseeable result of the DCAA's negligence, Enterprise Electronics would not have suffered any injury without the Justice Department's initiation of the prosecution. Thus, Enterprise Electronics's claim is barred by the FTCA's malicious prosecution exception.

B. Misrepresentation Exception

■ In the alternative, the government argues that Enterprise Electronics's claim is barred by the misrepresentation exception to the FTCA, which applies to claims based on detrimental reliance on governmental misinformation or the failure to communicate correct information. *See Neal,* 460 U.S. at 296, 103 S.Ct. at 1093. The exception excludes claims for both negligent and willful misrepresentations. *United States v. Neustadt,* 366 U.S. 696, 702, 81 S.Ct. 1294, 1298, 6 L.Ed.2d 614 (1961). In *Neustadt,* the Supreme Court stated that loss from the government's breach of its "duty to use due care in obtaining and communicating information upon which [a] party may reasonably be expected to rely in the conduct of his economic affairs" states a claim for negligent misrepresentation. 366 U.S. at 706, 81 S.Ct. at 1300.

In *Neal,* however, the court found that the plaintiff was not barred "from pursuing a distinct claim arising out of … aspects of the Government's conduct" other than misrepresentation, 460 U.S. at 298, 103 S.Ct. at 1094, and that the Government's misstatements were "not essential to plaintiff's negligence claim." 460 U.S. at 297, 103 S.Ct. at 1094. *Neal* involved a suit by a recipient of a Farmers Home Administration house loan for a Farmers Home Administration employee's negligent supervision and inspection of the construction of the house. The Court found that the government's duty to use due care in inspecting and supervising the construction of the house was distinct from the duty to use due care in communicating information, and that the plaintiff suffered injuries attributable to the negligent supervision. *Id.*

■ Unlike the plaintiff in *Neal,* who suffered an injury attributable to the government's negligent supervision, Enterprise Electronics suffered no injury attributable to the DCAA's negligent audit. In *Neal,* the plaintiff suffered injury due to the government's failure to supervise the builder of the house and point out defects to the builder while construction was still ongoing. A separate claim arose out of the government's failure to communicate defects to the plaintiff. Enterprise Electronics, however, only suffered an injury due to the DCAA's failure to communicate its findings to either Enterprise Electronics or the Department of Defense and the DCAA's subsequent referral of its findings of fraud to the Justice Department. Thus, Enterprise Electronics's cause of action "regardless of how it is characterized, necessarily stems from the purported misrepresentations" of the DCAA, *Atorie Air, Inc. v. F.A.A.,* 942 F.2d 954, 958 (5th Cir.1991), and is barred by the misrepresentation exception to the FTCA.

An appropriate judgment will be entered.

### *JUDGMENT*

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court that the motion to dismiss filed by defendant United States of America be and it is hereby granted, and this cause is dismissed.

It is further ORDERED that costs be and they are hereby taxed against plaintiff Enterprise Electronics Corporation, for which execution may issue.