AUDREY E. PRUETT, Appellant, *v.* FIRST NATIONAL BANK OF NEVADA, a National Banking Association, Respondent.

No. 6944

October 12, 1973                    514 P.2d 1186

[Rehearing denied November 12, 1973]

*Daniel R. Marlowe,* of Incline Village, and *Benjamin F. Marlowe,* of Oakland, California, for Appellant.

*Stewart, Horton & McKissick, Ltd.,* of Reno, for Respondent.

## OPINION

By the Court, Zenoff, J.:

Audrey Pruett, when she was Mrs. Audrey Wykoff, signed a continuing guaranty to the First National Bank of Nevada which, although it was her understanding that the guaranty was for bank policy purposes only, guaranteed the loans of her husband in amounts not to exceed $150,000.

Her signature was affixed January 23, 1964. In 1967 the Wykoffs were divorced and their Lake Tahoe dwelling was awarded to Mrs. Wykoff. Subsequent to the divorce and with knowledge of it the bank renewed a $20,000 loan to Mr. Wykoff and increased the interest rate. The renewed loan and interest increase were without the knowledge of Mrs. Pruett.

Mr. Wykoff, after the divorce, was adjudicated bankrupt

and the bank pursued Mrs. Pruett for the unpaid balance of the loan. To secure the amount due and owing the bank attached the proceeds of the sale of the home. After trial a jury relieved her from liability but the trial court granted judgment notwithstanding the verdict in favor of the bank.

The multiple appellate issues include principally (1) her contention that the divorce released her from the continuing guaranty because the bank knew of the divorce; (2) that instructing the jury that the bank had no obligation to advise a guarantor, under a continuing guaranty, of either renewals, extensions or the giving of new loans was error, and further (3) that the trial court erred in granting the motion notwithstanding the verdict.

1.   The language of the guaranty specifically required written notice of revocation from the guarantor as to future transactions and no such notice was given by Audrey Pruett. Under the provisions of the guaranty future loans were also included. The record is clear that Mrs. Pruett knew that the guaranty would remain in effect until revoked in writing by her. We find no citations of law that would release the effect of those stipulations. Furthermore, a divorce under the circumstances recited in this case does not have the same effect upon a contract of guaranty as that of the dissolution of a partnership. Cf. Brunzell v. Golden Gate National Bank, 85 Nev. 345, 455 P.2d 31 (1969); Cremer v. Higginson, 6 F.Cas. 797 (No. 3,383) (C.C. Mass. 1817).

2.   Notice to the guarantor that the lender would or has acted upon a guaranty is not a condition so essential to the obligation that it cannot be waived. See, e.g., Davis v. Wells, 104 U.S. 159 (1881); Brunzell v. Golden Gate National Bank, *supra*. All of the objections which Mrs. Pruett now raises to enforcement of this obligation were specifically covered in the continuing guaranty wherein she waived all the requirements she would not like to impose upon the bank.

3.   The motion for judgment notwithstanding the verdict following an adverse jury verdict is properly granted when a lower court determines that a claim for relief has been proved as a matter of law. Baker v. Simonds, 79 Nev. 434, 386 P.2d 86 (1963). The record justifies the trial court's ruling.

We find no grounds for relief as to these or any other assigned errors.

Affirmed.

THOMPSON, C. J., and MOWBRAY and GUNDERSON, JJ., and SANTINI, D. J., concur.