**FILED**



JUN 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL J. WELLS,

      Plaintiff - Appellant,

v.

KELLY LOEFFLER, Administrator of the
Small Business Administration of the
United States,

      Defendant - Appellee.

No. 24-3946

D.C. No.
3:19-cv-00407-MMD-CLB
District of Nevada,
Reno

ORDER

Before: CLIFTON, BADE, and COLLINS, Circuit Judges.

Judge Collins's concurrence filed on February 27, 2026, is replaced by the accompanying amended concurrence. The majority memorandum disposition filed on February 27, 2026, remains unchanged and also accompanies this order.

The panel has unanimously voted to deny the petition for panel rehearing, Judges Bade and Collins have voted to deny the petition for rehearing en banc, and Judge Clifton so recommends. The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R. App. P. 40. The petition for panel hearing and the petition for rehearing en banc, Dkt. 36, is DENIED. No further petitions for rehearing or rehearing en banc will be entertained.

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL J. WELLS, | No. 24-3946 |
| Plaintiff - Appellant, | D.C. No. 3:19-cv-00407-MMD-CLB |
| v. | |
| KELLY LOEFFLER, Administrator of the Small Business Administration of the United States, | AMENDED MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted January 30, 2026[**]

Before: CLIFTON, BADE, and COLLINS, Circuit Judges;
Concurrence by Judge Collins.

Pro se Plaintiff-Appellant Michael Wells appeals the district court's grant of

summary judgment in favor of the United States Small Business Administration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(SBA) in a contract dispute involving Wells' unconditional guarantee of an SBA loan. "We review de novo a district court's grant of summary judgment. Summary judgment is proper where the movant shows, by citation to the record, that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Rice v. Morehouse*, 989 F.3d 1112, 1120 (9th Cir. 2021) (citation omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Wells argues that summary judgment was improper because the SBA breached the guarantee contract when it failed to send a "written demand" for payment of "all amounts due under the Note" as required by ¶ 1 of the contract.[1] Although Wells acknowledges that he received various letters and emails regarding his debt, he seemingly argues that those letters do not qualify as a "written demand" under the contract because none of the letters satisfied the requirements of 31 U.S.C. § 3716(a) and 31 C.F.R. § 901.2. Wells' argument fails because nothing in ¶ 1 indicates that "written demand" was intended to be a term of art or

---

[1] Wells correctly argues that his waiver of notice of "[a]ny default under the Note" in ¶ 6(B)(1) does not waive the requirement in ¶ 1 that the written demand for payment be made "upon [the] Guarantor." *See United States v. Gottlieb*, 948 F.2d 1128, 1130 (9th Cir. 1991) (concluding that provisions concerning certain waivers of rights to notice and demand "do not conflict with the express provisions in the guaranty that the guarantor becomes liable for direct repayment of the loan only upon written demand"); *accord* 17A Am. Jur. 2d *Contracts* § 374 ("[C]ourts avoid interpreting a contract so as to find inconsistent provisions or so as to render any provision meaningless.").

incorporate the requirements of 31 U.S.C. § 3716(a) and 31 C.F.R. § 901.2. We construe contractual language to carry its ordinary meaning absent a clear indication to the contrary. *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). Here, giving the language of the contract its ordinary meaning, ¶ 1 requires a peremptory request, in writing, for "all amounts due under the Note," made to the guarantor.

On April 13, 2010, the Nevada State Development Corporation (NSDC) sent Wells a letter advising him that "[t]he amount [he] owe[d] to bring [his] loan current [was] $128,937.31" and asking him to "start making regular payments by cashiers check" payable to the SBA, the assignee of the guarantee. In his deposition, Wells admitted that he received this letter. Accordingly, this letter is sufficient to satisfy ¶ 1 of the guarantee contract—it is a peremptory request, in writing, for the remaining amounts due under the note, made to the guarantor. Thus, the SBA did not breach ¶ 1 of the contract, and Wells became liable for the remaining amounts due under the note from the date of the letter.[2]

2. Wells also argues that the district court failed to address his claim that

---

[2] Wells also disputes receiving notice required by 31 U.S.C. § 3716(a) and 31 C.F.R. § 901.2. But on October 28, 2012, the SBA sent Wells a letter containing the information required by 31 U.S.C. § 3716(a) and 31 C.F.R. § 901.2 to his last known address. And in his deposition, Wells admitted that the address used for mailing was the last address he provided to the SBA. The SBA therefore fulfilled its obligations of providing written notice, sent by mail, to Wells' last known address. *See* 31 C.F.R. § 285.5(d)(6)(ii)(A).

the SBA's hearing official incorrectly found Wells personally liable for payment of all outstanding amounts on the loan and wrongly ordered garnishment of his wages on this basis. Although the district court did not describe the claim in the same manner as Wells, it did address his claim when it explained that "it is not Defendant who breached the [unconditional guarantee], but Plaintiff." And the SBA hearing official correctly found Wells liable for the remaining amounts due under the note. Accordingly, Wells' argument fails.

3. For the first time on appeal, Wells argues that the wage-garnishment adjudication, conducted by an SBA official, was unconstitutional under *SEC v. Jarkesy*, 603 U.S. 109 (2024). The Supreme Court, however, has long held that "a summary method for the recovery of debts due to the [sovereign]" may be administered by an executive official "aside from any exercise of the judicial power," a common-law practice that predates the founding of this country. *Murray's Lessee v. Hoboken Land & Imp. Co.*, 59 U.S. (18 How.) 272, 277, 282–84 (1855). And *Jarkesy* does not undermine this practice. *See* 603 U.S. at 140 (upholding *Murray's Lessee* as good law); *see also id.* at 127–32. Therefore, Wells' challenge to the constitutionality of the wage-garnishment proceedings and the resulting order fails.

**AFFIRMED**.

FILED

JUN 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLLINS, Circuit Judge, concurring in the judgment:

I agree that the judgment should be affirmed, but my reasoning differs in some respects from the majority's, and I therefore concur in the judgment.

1.  I agree that summary judgment was properly granted to the Defendant-Appellee, the Administrator of the Small Business Administration ("SBA"), with respect to Plaintiff-Appellant Michael J. Wells's claim that the SBA breached the guaranty contract by failing to serve him with a "written demand" for payment of "all amounts due under the Note" as required by ¶ 1 of the contract.  However, I think that the majority's particular ground for reaching that conclusion is wrong. The majority relies on the April 13, 2010 letter sent by the Nevada State Development Corporation ("NSDC") to Wells, *see* Memo Dispo. at 2–3, but that cannot serve as the requisite "written demand" under the guaranty contract because it did *not* demand payment of the full amount of the note.  Rather, it merely stated that "[t]he amount you owe to bring your loan current is $128,937.31," and it requested that Wells "[p]lease start making regular payments."  Because, under the plain language of ¶ 1 of the contract, Wells's obligation to pay the full amount of the note could only be triggered by a demand for payment of that full amount, the April 13, 2010 letter did not obligate him to pay the entire amount of the note.  As of that point, there was not a "debt" on the part of Wells to pay that full amount,

but only the lesser amount set forth in that letter.

So far as I can discern from the record, the first date on which the SBA provided a "written demand" to Wells for the full amount of the note was when it sent a letter to him on October 28, 2012. Although the SBA acknowledges that it did not retain a copy of the letter and Wells claims he never received it, the SBA presented evidence—which Wells has failed to rebut—that, as confirmed by the SBA's electronic records, such a letter was sent to Wells's last known address and that letter requested payment of the full amount that was then delinquent on the note, namely "$2,048,084.08." Accordingly, the October 28, 2012 letter was a proper "written demand" for payment of the full amount under ¶ 1 of the guaranty contract, and that demand was made before the SBA referred Wells's debt to the Treasury Department, which began collection activities in May 2014. To the extent that Wells claims that mailing the letter to the last known address he had supplied to the SBA was inadequate under the contract, he has provided no support for that contention.[1]

Wells's other arguments concerning his contract claim are also meritless.

---

[1] Wells contends that the SBA did not comply with the notice requirements applicable to collection of debt under 31 U.S.C. § 3711 *et seq.*, and the SBA's annual debt certification agreement with the Treasury Department. But the same evidence submitted by the SBA concerning the October 28, 2012 notice confirms that the required notice was provided in that letter, and there is no contrary evidence in the record.

Wells contends that the guaranty contract is invalid to the extent that it waives notice concerning the foreclosure of the deed of trust associated with the note. Even assuming that Wells is correct in contending that the right to notice of default under Nevada Revised Statutes § 107.095 was not validly waivable, he failed to point to evidence creating a triable issue of fact as to whether there was a prejudicial failure to substantially comply with that right to notice. *Schleining v. Cap One, Inc.*, 326 P.3d 4, 8 (Nev. 2014). Wells also contends that the guaranty contract's waiver of the one-action rule is invalid, but Nevada law permits such waiver. *Forouzan, Inc. v. Bank of George*, No. 56337, 2012 WL 642548, at *2–4 (Nev. Feb. 27, 2012); *see* NEV. REV. STAT. 40.495(2). Wells attempts to distinguish *Forouzan* on the ground that it did not involve an SBA guarantee, whose construction and validity, he contends, is governed by federal common law. But even if federal common law governs, it would borrow Nevada law as the rule of decision, because there is no overriding federal interest requiring a different, uniform national rule. *See Great SW Life Ins. Co. v. Frazier*, 860 F.2d 896, 899 (9th Cir. 1988) ("Unless there is an overriding federal interest in uniformity, the applicable state law provides the rule of decision." (citing *United States v. Yazell*, 382 U.S. 341, 348–49 (1966))). Wells likewise validly waived any affirmative defense of commercial unreasonableness concerning the disposition of the property

3

by signing the guaranty contract.[2]

For the foregoing reasons, I agree that the district court's summary judgment concerning the contract claim and the related claim for breach of the covenant of good faith and fair dealing should be affirmed.

2. I agree that the SBA's administrative wage garnishment hearing—which was held under the authority of 31 U.S.C. § 3720D, as specified in the applicable SBA regulations, *see* 13 C.F.R. § 140.11(a)—did not violate the Constitution under *SEC v. Jarkesy*, 603 U.S. 109 (2024). As a condition of investing in an entity that had received the public benefit of an SBA loan, Wells signed the guaranty contract with SBA, in which he agreed that "the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations." Wells's acquiescence to these conditions in connection with the SBA's having "grant[ed] . . . public benefits" to the company in which he sought to invest brings this case comfortably within the "public rights" exception as described in *Jarkesy*. *See* 603 U.S. at 130.[3]

---

[2] The district court also correctly rejected Wells's contention that, because the guaranty contract denotes the NSDC, instead of the SBA, as the lender, the contract is voidable by reason of fraud or misrepresentation. The guaranty contract explicitly states that "Lender assigns this Guarantee to SBA," and in his deposition, Wells acknowledged that he read and understood this provision when signing the document.

[3] To the extent that Wells purports to challenge the substance of the garnishment decision, his arguments are merely a replay of his meritless contract-based arguments discussed above.

4

For the foregoing reasons, I concur in the judgment affirming the district court's judgment.